[No. B042463. Second Dist., Div. Three. Aug. 31, 1990.]

In re LINCOLN J., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
LINCOLN J., Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

\*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part II.

---

**COUNSEL**

Paul Anthony Stabile, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Edward T. Fogel, Jr., Assistant Attorney General, Donald E. De Nicola and Lauren E. Dana, Deputy Attorneys General, for Plaintiff and Respondent.

---

**OPINION**

**DANIELSON, J.**—Lincoln J., a minor (defendant), appeals from an order of wardship (Welf. & Inst. Code, § 602).

We reverse the order and remand the matter to the trial court for further proceedings.

### ISSUES PRESENTED

This appeal presents issues of first impression with respect to the elements of the relatively new offense of participation in a criminal street gang (Pen.

Code,[1] § 186.22, subd. (a)) (§ 186.22(a)) and the concomitant criminal street gang sentence enhancement (§ 186.22, subd. (b)(1) (§ 186.22(b)(1))).

## FACTUAL STATEMENT

On March 28, 1989, around 3:25 p.m., the victim, Robert C., drove his sister, Jessie C., from school to Foy Park, Burbank. After he left the vehicle, a group of people approached within six feet of him carrying stick bats. He then started running towards the baseball diamond to get away from them. As he ran, a second group of people also armed with bats followed him. They stopped chasing him after seeing the people at the baseball diamond.

Robert C. could not identify defendant at trial as one of those who chased him. Jessie C. identified defendant in court as one of the group who chased Robert C. while screaming "BTR." She did not see anything in defendant's hands during that time.

At trial defendant, age 16 at the time of the charged offenses, admitted chasing Robert C. for "like a couple of seconds" before turning away; however, he explained that he did this to prevent Robert C. from hitting defendant's car and defendant with a crowbar in his hands.

After the chase, a group of people approached Robert C.'s vehicle. Jessie C., who was nearby, saw several people, including defendant, hit the vehicle. Defendant hit one window, which broke, with "a little blade" or a "crowbar." Defendant denied breaking the window and testified that it was someone else who smashed the window with a baseball bat.

## PROCEDURAL STATEMENT

On April 6, 1989, a petition was filed seeking an order that defendant be declared a ward of the juvenile court (Welf. & Inst. Code, § 602). The petition charged six counts. Counts I through III and V were felonies, while counts IV and VI were misdemeanors.

Count I charged a violation of section 245, subdivision (a)(1) (assault with a deadly weapon, i.e., bats and crowbar, and by means of force likely to produce great bodily injury) and a criminal street gang enhancement allegation under section 186.22(b)(1). Count II charged defendant with assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(1)) and alleged a criminal street gang sentence enhancement under

---

[1] All further section references are to the Penal Code unless otherwise indicated.

section 186.22(b)(1). In count III defendant was charged with a violation of section 594, subdivision (b)(2) (damage or destruction of personal property belonging to another), and in count IV he was charged with a violation of Vehicle Code section 10852 (vandalism of another's vehicle). Count V charged defendant with the substantive offense of participation in a criminal street gang (§ 186.22(a)). On count VI he was charged with a violation of section 148 (obstruction of officer).

On May 1, 1989, at the conclusion of the adjudication proceeding on the petition, the juvenile court found counts II and V to be true. The court also found to be true the criminal street gang enhancement allegation under section 186.22(b)(1) in count II.

Counts I and VI of the petition were dismissed on defendant's motion (Welf. & Inst. Code, § 701.1.) The court dismissed counts III and IV without prejudice.

On May 17, 1989, the court declared defendant a ward of the court and ordered him committed to the Department of the Youth Authority. The court ordered defendant confined for four years on the assault offense charged in count II.

On the criminal street gang enhancement allegation in count II, the court imposed an additional 180 days of custody but stayed the execution of that time.

The court imposed a three-year term with regard to the substantive criminal street gang participation offense (§ 186.22(a)) charged in count V, to be served concurrently with the term imposed as to count II.

I. *Defendant's Contentions Concerning Section 186.22*

Defendant challenges the sufficiency of the evidence to support the court's finding that defendant committed the offense of participation in a criminal street gang, as charged in count V (§ 186.22(a)), and the court's finding that the sentence enhancement allegation, under section 186.22(b)(1) in count II, was true.

Based on our review of the record and applicable law we find defendant's contentions to be meritorious.

## DISCUSSION

### A. Offense of Participation in a Criminal Street Gang (§ 186.22(a))

In count V of the petition defendant was charged with the substantive offense of participation in a criminal street gang under section 186.22(a). Section 186.22(a) provides: "Any person who actively participates in any criminal street gang with knowledge that its members engage in or have engaged in a pattern of criminal gang activity, and who willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang, shall be punished by imprisonment in the county jail for a period not to exceed one year, or by imprisonment in the state prison for one, two, or three years."

■ The elements of the offense of participation in a criminal street gang are: (1) the existence of a "criminal street gang"; (2) defendant's "active" participation in that gang; (3) defendant's knowledge that "its members engage in or have engaged in a pattern of criminal gang activity"; and (4) defendant's willful promotion, furtherance, or assistance "in any felonious criminal conduct by members of that gang."

### There Was Not Sufficient Evidence to Show the Existence of a "Criminal Street Gang"

■ In order to establish the first element the People must prove that the group with which the defendant participated was a "criminal street gang" within the meaning of the statute which created the offense. Testimony adduced at the trial implies that the criminal street gang with which defendant actively participated was a group known as "BTR."

A "criminal street gang" is defined as "any ongoing organization, association, or group of three or more persons, whether formal or informal, having as one of its primary activities the commission of one or more of the criminal acts enumerated in paragraphs (1) to (8), inclusive, of subdivision (e), which has a common name or common identifying sign or symbol, whose members individually or collectively engage in or have engaged in a pattern of criminal gang activity." (§ 186.22, subd. (f).)

In this case, the People failed to establish that "BTR" was a "criminal street gang" within the meaning of section 186.22, subdivision (f) in that, as our analysis, *post*, reveals, there was insufficient evidence to show that "BTR" "members individually or collectively engage in or have engaged in a pattern of criminal gang activity."

### 2. There Was No Evidence to Show a "Pattern of Criminal Gang Activity" by the BTR Gang Within the Meaning of the Law

With respect to the first and third elements, the record is devoid of any evidence that the BTR gang members "engage in or have engaged in a pattern of criminal gang activity." A "pattern of criminal gang activity" is defined as: "the commission, attempted commission, or solicitation of two or more of the following offenses, provided at least one of those offenses occurred after the effective date of this chapter and the last of those offenses occurred within three years after a prior offense, and the offenses are committed on separate occasions, or by two or more persons: [¶] (1) Assault with a deadly weapon or by means of force likely to produce great bodily injury, as defined in Section 245. [¶] (2) Robbery, as defined in Chapter 4 (commencing with Section 211) of Title 8 of Part 1. [¶] (3) Unlawful homicide or manslaughter, as defined in Chapter 1 (commencing with Section 187) of Title 8 of Part 1. [¶] (4) The sale, possession for sale, transportation, manufacture, offer for sale, or offer to manufacture controlled substances as defined in Sections 11054, 11055, 11056, 11057, and 11058 of the Health and Safety Code. [¶] (5) Shooting at an inhabited dwelling or occupied motor vehicle, as defined in Section 246. [¶] (6) Arson, as defined in Chapter 1 (commencing with Section 450) of Title 13. [¶] (7) The intimidation of witnesses and victims, as defined in Section 136.1. [¶] (8) Grand theft of any vehicle, trailer, or vessel as described in Section 487h." (§ 186.22, subd. (e)(1)-(8).)

In this case, the requirement that "at least one of those offenses occurred after the effective date of this chapter [i.e., September 26, 1988]"[2] is satisfied by the evidence establishing the offense charged in count II, i.e., assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(1)), which occurred on March 28, 1989. However, there is no evidence in the record to establish this offense "occurred within three years after a prior offense" which was committed on a separate occasion, or by two or more gang members. No evidence was presented to show that members of the BTR gang had engaged in any of the eight enumerated offenses within three years previous to the charged offense.

At the hearing on the petition Officer Skrvarna (Skrvarna) testified that "BTR" is "the name of a street gang in Burbank that's been around for probably 12 to 15 years." He also testified that "BTR has a sign that they throw. A 'B' and a 'T'. It's thrown like that (indicating) to symbolize Burbank 13." The court characterized the sign as "a time out sign in a ball

---

[2]Section 186.22 is contained in chapter 1242, Statutes of 1988, which is an urgency statute and went into effect immediately upon its enactment on September 26, 1988.

game with his right thumb and index finger forming a loop." Skrvarna further testified that the gang banded together "to defend themselves or to commit an assault and they have committed assaults and homicides in the past." "Fighting with other gangs" is one of its primary activities. They commonly use deadly weapons, such as "baseball bats, knives, clubs." He characterized the subject incident on March 28, 1989, as a "gang incident," because Foy Park was claimed by two gangs. For BTR members to go there was "tantamount to looking for a fight."

Skrvarna identified defendant in court as a member of BTR. He based his opinion of that membership on the fact that in October or November, 1988, defendant "claimed" the gang to him.[3] Skrvarna testified that although defendant had claimed being a BTR member several times in the past, that was the last time Skrvarna could recall him making such a claim to him.

On that last occasion defendant told Skrvarna about an incident at a street corner near a Carl's Jr. where defendant and two other friends were standing. Members of the Vineland Boys gang drove by in a vehicle yelling gang slogans at them. Defendant responded that he was "with Burbank." The Vineland Boys gang then opened fire on defendant and his friends with a .22-caliber assault rifle. Defendant explained to Skrvarna that he claimed membership with the Burbank gang, because that gang and Vineland "got along." Skrvarna characterized the shooting as a case of mistaken identity.

Skrvarna testified that youngsters come into gangs and leave them. He also testified that a known member of BTR running with a group of armed individuals and chasing someone would not yell: " 'BTR,' 'BTR.' "

At the hearing defendant denied telling Skrvarna that he was a member of BTR. He believed that the police thought he was a gang member, because he used to get into fights.

---

[3] On cross-examination Officer Skrvarna's testimony included:

"Q. [Defense Counsel] Would it be a fair statement that one really does not have a lot of hard information as to who are and who are not members of these various groups?

" . . . . . . . . . . . . . . . . . . . .

"[Skrvarna]: We use as a primary indicator of gang affiliation the person's admission, the person's—we call it claiming, claiming the gang.

"Once a person claims the gang to us, we consider him a gang member and a suspected gang member or associate.

"Q. [Defense Counsel] And that would be the strongest or the hardest information you have that some youngster belongs to a particular group or gangs?

"A.  Coupled with the other factors of the address and associates, where they choose to hang out and how they act and conduct themselves would be the final factor in establishing that."

■ ■ ■ ■ Officer Gabriel (Gabriel) testified at the hearing that defendant told him he was a member of BTR twice: "Once about three or four years ago and once, I believe, last summer [i.e., summer of 1988]."[4]

■ It is clear from the foregoing that no evidence was introduced to show that two or more members of BTR had engaged in any of the eight offenses enumerated in subdivision (e)(1)-(8) of section 186.22 within three years prior to the current offense. The incident in October or November 1988, did not involve any purposeful gang activity on the part of defendant, who had been merely standing in front of a Carl's Jr. restaurant and had done nothing to provoke the drive-by shooting, and the shooting was apparently done by Vineland Boys and not by the BTR gang.

B. *Insufficient Evidence to Support Finding That Gang Enhancement Allegation (§ 186.22(b)(1)) in Count II Was True*

■ The court found defendant had committed the felony charged in count II, i.e., assault on Robert C. by means of force likely to produce great bodily injury (§ 245, subd. (a)(1)). Also as to count II, the court found to be true the criminal street gang sentence enhancement allegation under section 186.22(b)(1).

Section 186.22(b)(1) provides: "Except as provided in paragraph (2), any person who is convicted of a felony which is committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members, shall, upon conviction of that felony, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he or she has been convicted, be punished by an additional term of one, two, or three years at the court's discretion. The court shall order the imposition of the middle term of the sentence enhancement, unless there are circumstances in aggravation or mitigation. ■ ■ ■ ■ The court shall state the reasons for its choice of sentence enhancements on the record at the time of the sentencing."[5]

■ We hold that in order for a criminal street gang sentence enhancement allegation under section 186.22, subdivision (b) to be sustained: (1) the

---

[4] From the above it is clear that no evidence was introduced to show that defendant was a member of BTR at the time of the charged offense, i.e., March 28, 1989. Membership in a criminal street gang, however, is not an element of the offense of active participation in a criminal street gang (§ 186.22(a)); "[a]ny person who actively participates in any criminal street gang . . ." can commit that offense regardless of whether that person is a "member" of such gang.

[5] We conclude that the failure of the trial court "to state its reasons for its choice of sentence enhancements on the record at the time of the sentencing" constitutes reversible error.

court must find, inter alia, the existence of a "criminal street gang" as defined in section 186.22, subdivision (f); and (2) the record must contain substantial evidence to support that finding. As discussed, *ante,* there is insufficient evidence in the record to support the finding of a "criminal street gang" in this case.

### II. *Defendant's Remaining Contentions*[6]

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

### DECISION

The order of wardship is reversed and the matter is remanded with instructions to the court to make and enter a new order consistent with this opinion.

Klein, P. J., and Croskey, J, concurred.

---

[6] Part II is not to be published.