[No. B048457. Second Dist., Div. Five. June 5, 1991.]

In re JOSE T., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
JOSE T., Defendant and Appellant.

COUNSEL

Jill Switzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Edward T. Fogel, Jr., Assistant Attorney General, Marc E. Turchin and Zaven V. Sinanian, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

GRIGNON, J.—In this juvenile court case, we are asked to decide whether there was sufficient evidence to sustain a petition as to a robbery allegation and to support a finding that a criminal street gang sentence enhancement was true. We conclude that substantial evidence exists to support both the robbery allegation and the criminal street gang enhancement.

## PROCEDURAL BACKGROUND

After an adjudication, the juvenile court sustained a petition as to attempted murder and robbery. It also found to be true a criminal street gang sentence enhancement under Penal Code section 186.22, subdivision (b)(1), part of the California Street Terrorism Enforcement and Prevention Act (Pen. Code, § 186.20 et seq.).[1] Appellant, a minor, was committed to the California Youth Authority for a maximum period of nine years for the attempted murder, plus two years consecutive for the criminal street gang sentence enhancement, for a total of eleven years. The term on the robbery allegation was stayed pursuant to section 654. Appellant received 82 days of predisposition credit. Appellant appeals from the order and judgment of the juvenile court declaring him to be a ward of the court, under section 602 of the Welfare and Institutions Code.

## FACTS

At approximately 1:30 a.m., on September 26, 1989, John Cooper was at a market buying milk. At the same time, appellant and Antonio D., who are members of the Florencia Treca gang, and other members of the Florencia Treca gang were driving nearby when they saw Cooper getting into his 1985 silver Toyota Celica. Appellant saw one of the other gang members give

---

[1]All further statutory references are to the Penal Code unless otherwise specified.

Antonio D. a gun. As Cooper left the market, Cooper saw Antonio D. and appellant running across the parking lot wearing white T-shirts and Levis. Cooper entered his parked car on the driver's side and placed his key in the ignition when he heard a tap on his window. Cooper looked up and saw Antonio D. with a loaded gun standing next to the driver's window.

Antonio D. gestured with his hand at Cooper to get out of the car. Cooper rolled down the window and gave Antonio D. some change. Cooper rolled the window back up. Antonio D. took the change and continued to gesture at Cooper, motioning him to get out of the car. Cooper told Antonio D. that he had no money and hesitated in getting out of the car.

Antonio D. again gestured to Cooper to get out of the car and told Cooper that he wanted Cooper's car. Antonio D. ordered Cooper to get out of the car and leave his keys in the ignition. When Cooper still hesitated, Antonio D. cocked the gun and pointed it at Cooper. Cooper began to get out of the car. Antonio D. pointed the gun away from Cooper and Cooper hesitated again. Antonio D. pointed the gun at Cooper a second time. Cooper finally got out of the car and gave his keys to Antonio D.

This encounter lasted approximately five minutes. During that entire time, appellant stood beside the passenger's window. Cooper ran to call the police and heard his car start up. Appellant and Antonio D. got in the car and drove off. Later that morning, they picked up Ignacio G., also a member of the Florencia Treca gang.

At approximately 8 a.m., Jose M., a member of the Florencia Treca gang, met appellant, Ignacio G. and Antonio D. at a local park. Appellant gave Jose M. the keys to Cooper's Toyota Celica. Jose M. drove off in the car with Antonio D. and a third gang member. They drove to John Muir Junior High School where Antonio D. shot and killed Donald Alvarado, a member of a rival gang, the Street Villains.

At approximately 10 a.m., Alberto Avila was walking with his girlfriend behind Bethune Junior High School. Avila is a member of the Carnales gang, a rival gang to Florencia Treca. Cooper's Toyota Celica, driven by appellant, passed by and Ignacio G., sitting in the back seat, made the sign of the Florencia Treca gang out the window. The car made a U-turn and drove slowly alongside Avila. Antonio D., who was riding in the front passenger seat, shouted, "Fuck Carnales. Florencia." Antonio D. took out a gun and shot the gun five or six times, hitting Avila in the arm.

At approximately 1 p.m., Officer Dennis Kato saw Cooper's Toyota Celica in the parking lot of a local park. Appellant was trying to get out of the car

on the driver's side. Officer Kato saw ammunition and six spent casings in the car. Officer Kato detained appellant.

Florencia Treca, also known as Florencia 13, is a countywide Hispanic gang whose main area is located east of Central Avenue between Slauson and Florence Avenues. Gang members frequently congregate at Harvard Park located on Halldale Street between 59th and 62nd Streets. The gang has a sign which is an inverted "F." Gang members have been involved in murders, attempted murders, drive-by shootings, robberies, thefts, burglaries, rapes, vandalism, and assaults.

DISCUSSION

I

*The Robbery*

█ Appellant's contention that there was insufficient evidence that he was an aider and abettor to the robbery is meritless.

█ In reviewing the sufficiency of the evidence on appeal, the appellate court "must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People* v. *Johnson* (1980) 26 Cal.3d 557, 578 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255].)

█ An aider and abettor is one who acts "with knowledge of the criminal purpose of the perpetrator *and* with an intent or purpose either of committing, or of encouraging or facilitating commission of, the offense." (*People* v. *Beeman* (1984) 35 Cal.3d 547, 560 [199 Cal.Rptr. 60, 674 P.2d 1318].) Neither mere presence at the scene of a crime, nor the failure to take steps to prevent a crime, is alone sufficient to establish that a person is an aider and abettor. Such evidence may, however, be considered together with other evidence in determining that a person is an aider and abettor. (*Pinell* v. *Superior Court* (1965) 232 Cal.App.2d 284, 287 [42 Cal.Rptr. 676].)

█ On the date in question, appellant, Antonio D. and other members of the Florencia Treca gang were driving around when they saw Cooper getting into his car. One of the other gang members gave Antonio D. a gun. Appellant knew that Antonio D. had a gun. Antonio D. and appellant approached Cooper when Cooper was seated in his car. Antonio D. stood by the driver's window. Appellant stood beside the passenger's window.

Antonio D. pointed the gun at Cooper and ordered him to get out of his car and leave the keys. Cooper left the car and Antonio D. and appellant drove off in it. The encounter with Cooper lasted approximately five minutes. Later that day, appellant was driving Cooper's car at the time of the drive-by shooting of Avila. The juvenile court found that the car was stolen for the purpose of the drive-by shooting. Appellant was driving Cooper's car at the time of his arrest. Earlier, appellant also gave the keys of the vehicle to Jose M.[2]

The evidence establishes that appellant was not merely "present" at the scene of the robbery but instead acted with the requisite knowledge of criminal purpose and intent, and as an aider and abettor, acted in facilitating the robbery of Cooper. We conclude that the evidence was sufficient to support the sustaining of the petition as to the robbery allegation.

## II

### The Criminal Street Gang Sentence Enhancement

The juvenile court found that the attempted murder of Avila was "committed for the benefit of, at the direction of, or in association with a criminal street gang, with the specific intent to promote, further, or assist in criminal conduct by gang members" within the meaning of section 186.22, subdivision (b)(1). Appellant contends that the evidence is insufficient to support this finding.

A "criminal street gang" is defined as "any ongoing organization, association, or group of three or more persons, whether formal or informal, having as one of its primary activities the commission of one or more of [the offenses specified in § 186.22, subd. (e)] which has a common name or common identifying sign or symbol, whose members individually or collectively engage in . . . a pattern of criminal gang activity." (Pen. Code, § 186.22, subd. (f).)

Section 186.22, subdivision (e), defines a "pattern of criminal gang activity" as "the commission, attempted commission, or solicitation of two or more of the following offenses, provided at least one of those offenses occurred after [September 26, 1988, the effective date of the statute] and the last of those offenses occurred within three years after a prior offense, and

---

[2]Appellant contends that the *testimony* of Jose M. at the hearing was not admissible against him. To support this contention appellant cites cases which hold that out-of-court *admissions or confessions* of a codefendant are not admissible against the defendant. (*People* v. *Aranda* (1965) 63 Cal.2d 518, 531 [47 Cal.Rptr. 353, 407 P.2d 265].) Appellant cites no authority for his novel contention. It is clearly erroneous.

the offenses are committed on separate occasions, or by two or more persons." Included in the offenses specified in section 186.22, subdivision (e), are robbery and unlawful homicide.

In order for a criminal street gang sentence enhancement to be found true, there must be substantial evidence to support a finding of the existence of a "criminal street gang" whose members engage in a "pattern of criminal gang activity." (*In re Lincoln J.* (1990) 223 Cal.App.3d 322, 327 [272 Cal.Rptr. 852]; *In re Leland D.* (1990) 223 Cal.App.3d 251, 260 [272 Cal.Rptr. 709].) Conclusional testimony that gang members have previously engaged in the enumerated offenses, based on nonspecific hearsay and arrest information which does not specify exactly who, when, where and under what circumstances gang crimes were committed, does not constitute substantial evidence. (*In re Leland D., supra,* at p. 259.)

Appellant's argument is limited to challenging the evidence which supports the finding of "a pattern of criminal gang activity" as defined in section 186.22, subdivision (e). Specifically, although appellant concedes, and we hold, that the attempted murder of Avila qualifies as a section 186.22, subdivision (e) predicate offense for the purpose of establishing "a pattern of criminal gang activity," he contends that it did not occur within the requisite three years after a prior offense and was not committed on a separate occasion. He asserts that the robbery conviction cannot constitute this prior offense because insufficient evidence supports the robbery allegation, and the robbery is not a separate offense from the attempted murder. Appellant bases this assertion on the fact that when the juvenile court stayed the imposition of sentence for the robbery, pursuant to section 654, it found that the robbery was not a separate offense from the attempted murder.

We have previously concluded that sufficient evidence supports the robbery allegation. We will address appellant's remaining argument that the robbery is not a separate offense and, thus, cannot have been committed on a "separate occasion" within the meaning of section 186.22, subdivision (e).

Although "separate occasions" is not defined in section 186.22, subdivision (e) for purposes of a criminal street gang sentence enhancement, we may look to section 667.6, subdivision (d), for guidance. Section 667.6, subdivision (d), provides for mandatory full consecutive sentencing where certain sexual offenses involve the same victim on "separate occasions." "Separate occasions," in the sexual offense arena, is defined as follows: "In determining whether crimes against a single victim were committed on separate occasions . . . , the court shall consider whether, between the commission of one sex crime and another, the defendant had a reasonable

opportunity to reflect upon his or her actions and nevertheless resumed sexually assaultive behavior."

█ Another useful analogy is section 654 which prohibits a defendant from being separately punished for crimes that are committed during an indivisible course of conduct with a single criminal objective. (*People* v. *Green* (1988) 200 Cal.App.3d 538, 543 [246 Cal.Rptr. 164].) If the sentencing court determines that a defendant entertains multiple criminal objectives which are independent of and not merely incidental to each other, the defendant may be punished for the independent violations committed in pursuit of each objective, even if the violations are part of an indivisible course of conduct. (*People* v. *Perez* (1979) 23 Cal.3d 545, 551 [153 Cal.Rptr. 40, 591 P.2d 63].) █ Where a defendant commits crimes of violence against different victims, the ban on multiple punishments arising from an indivisible course of conduct is not applicable. (*People* v. *Anderson* (1990) 221 Cal.App.3d 331, 338 [270 Cal.Rptr. 516].)

█ Here, Cooper was the victim of the robbery which took place at approximately 1:30 a.m. The robbery was committed by Florencia Treca gang members for purposes of the later drive-by shooting. Avila was the victim of the attempted murder which took place more than eight hours later. The attempted murder was clearly gang related, in that it was directed at a member of a rival gang and involved the flashing of the gang sign and shouting of the gang name. Under section 667.6, subdivision (d) analysis, appellant certainly had a reasonable opportunity to reflect upon his actions between the robbery and the attempted murder, thus demonstrating that the crimes were committed on separate occasions. Similarly, because each violent offense involved a different victim, section 654 is not applicable.[3] In addition, under either analysis, the murder of Alvarado by Florencia Treca gang members for gang purposes would also constitute a predicate offense committed on a separate occasion for purposes of the enhancement statute.

We conclude that the robbery of Cooper, the murder of Alvarado, and the attempted murder of Avila were committed on separate occasions and that, therefore, the requirements of Penal Code section 186.22, subdivisions (b)(1), (e), and (f), have been met.[4]

Appellant contends that he is entitled to four additional days of predisposition credit. Appellant was arrested on September 26, 1989, and sentenced

---

[3]The juvenile court's stay of the term for robbery, pursuant to section 654, was improper under the foregoing analysis. The People, however, have not appealed from the judgment in this case.

[4]We note also the statute requires that the predicate offenses be committed on separate occasions *or* by two or more persons. Since all three offenses were committed by two or more persons, they constitute qualifying predicate offenses under this rationale also. (*In re Nathaniel C.* (1991) 228 Cal.App.3d 990, 1003 [279 Cal.Rptr. 236].)

on December 20, 1989. Accordingly, we conclude that appellant is entitled to 86 days of predisposition credit on the date of disposition, rather than the 82 days awarded him. We note, however, that no objection by appellant's counsel to 82 days of predisposition credit was made at the time of disposition.

## DISPOSITION

The judgment is modified to provide for 86 days of predisposition credit. As so modified, the judgment is affirmed.

Ashby, Acting P. J., and Boren, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 4, 1991.