[No. F026659. Fifth Dist. July 31, 1997.]

In re ELODIO O., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
ELODIO O., Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts I and III.

Counsel

Deborah Redican Schulte, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, W. Scott Thorpe and Wayne K. Strumpfer, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**STONE (W. A.), Acting P. J.**—In the published portion of this opinion we address a question not yet reached directly by any court concerning the California Street Terrorism Enforcement and Prevention Act. (Pen. Code,[1] § 186.20 et seq.) We determine the provision of section 186.22, subdivision (f), that a criminal street gang have as one of its primary activities the commission of certain enumerated crimes, requires proof of such crimes by evidence other than the current crimes. We also hold, based on established authority, that the requirement of showing engagement in a pattern of criminal gang activity may be established by proof of current offenses.

In the unpublished portion of the opinion we conclude substantial evidence establishes appellant's commission of a robbery, and we agree with appellant section 654 requires a stay of confinement time for a second offense, assault by means of force likely to produce great bodily injury.

### Background

In the early evening of March 25, 1996, Dimas Rodriguez was riding his bicycle through Camacho Park in Reedley when a group of boys attacked

---

[1]All further statutory references are to the Penal Code unless otherwise noted.

him with sticks and baseball bats. Rodriguez suffered serious injuries and his bicycle was stolen.

John Carrillo, a caretaker for the park, witnessed the attack. He testified nine boys in a truck drove up to Rodriguez and attacked him. Three assailants used weapons; the rest beat Rodriguez with their hands and feet. He recognized appellant as one of the assailants. Moments later, another truck arrived. Two or three people got out and joined the group of boys. During the attack, Carrillo saw someone take Rodriguez's bicycle.

Detective Wright investigated the attack. He testified appellant told him the assault was meant as retaliation for an incident that had occurred hours earlier in which he and some friends were chased by members of the Scraps gang. Mistaking Rodriguez for a member of that gang, appellant admitted he and his fellow gang members beat Rodriguez and stole his bicycle.

As a member of the local gang task force, Wright testified as an expert on gang activity. He opined the attack on Rodriguez was gang related and noted a school near Camacho Park was a dividing line between rival groups. Wright also testified appellant identifies with the Brown Pride gang, a subgroup of the VESR gang. Other youths involved in the attack on Rodriguez are members of the VESR gang.

An amended petition in the juvenile court alleged appellant came within the provisions of Welfare and Institutions Code section 602 because he committed two offenses, to wit: felony robbery (§ 211) and felony assault by means of force likely to cause great bodily injury (§ 245, subd. (a)(1)). Both counts further alleged the violations were committed to benefit a criminal street gang. (§ 186.22, subd. (b)(1).)

The court found both allegations and enhancements true and ordered appellant committed to the California Youth Authority for a term not to exceed eight years: five years for robbery with an additional three years for the gang enhancement. The court ordered a three-year concurrent term for the assault, with a stayed gang enhancement term.

DISCUSSION

I

*Sufficiency of Evidence to Establish Robbery**

*See footnote, *ante*, page 1175.

## II

### Gang Enhancement

Section 186.22, subdivision (b)(1) provides: "[A]ny person who is convicted of a felony committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members, shall, upon conviction of that felony, in addition and consecutive to the punishment prescribed for the felony of which he or she has been convicted, be punished by an additional term of one, two, or three years at the court's discretion."

Section 186.22, subdivision (f) defines a criminal street gang. *In re Nathaniel C.* (1991) 228 Cal.App.3d 990 [279 Cal.Rptr. 236] (*Nathaniel C.*) separates out the four elements required by the definition: " '[C]riminal street gang' is the linchpin for the act's provisions. The phrase is defined specifically, and its application requires proof of multiple elements. A criminal street gang is defined as '[1] any ongoing organization . . . of three or more persons, whether formal or informal, [2] having as one of its primary activities the commission of one or more [of the twenty-three specified crimes], [3] which has a common name or common identifying sign or symbol, [4] whose members individually or collectively engage in or have engaged in a *pattern of criminal gang activity*.' [Citation.]" (228 Cal.App.3d at p. 1000, original italics, underscoring added.)

 Appellant argues the record fails to prove the gang enhancement allegations against him in two respects: (1) it lacks the element designated as No. 4 by the *Nathaniel C.* court, because only the current offenses establish a pattern of gang activity, and (2) it lacks the element designated as No. 2, because the prosecutor failed to prove one of the primary activities of his gang was the commission of certain enumerated crimes.

### A. *Pattern of Criminal Gang Activity*

To establish a pattern of criminal gang activity, the prosecution must prove gang members individually or collectively committed two or more of the twenty-three offenses set forth in section 186.22, subdivision (e). Appellant contends the evidence is insufficient because only the current offenses establish that pattern. We disagree.

Recent case law holds current offenses will suffice to establish a pattern of criminal activity. Of course, whether the offenses relied upon are current or past, they must be of the type listed within the statute. "To constitute a

'pattern,' the statute requires only that the offenses be 'committed on separate occasions, *or* by two or more persons . . . .' (§ 186.22, subd. (e), italics added.) The use of the disjunctive in defining 'pattern of criminal gang activity' means a pattern can be established by two or more incidents, each with a single perpetrator, *or by a single incident with multiple participants committing one or more of the specified offenses. . . .*" (*Nathaniel C.*, *supra*, 228 Cal.App.3d at p. 1003, italics added.) Use of the current offense for the purpose of establishing a pattern has been uniformly upheld and approved. (*People* v. *Olguin* (1994) 31 Cal.App.4th 1355, 1383 [37 Cal.Rptr.2d 596]; *In re Lincoln J.* (1990) 223 Cal.App.3d 322, 328 [272 Cal.Rptr. 852]; *In re Jose T.* (1991) 230 Cal.App.3d 1455, 1463 [282 Cal.Rptr. 75].) Here, the prosecution adequately established a pattern of criminal activity by proving the commission of both the robbery and the assault with a deadly weapon. They were committed during a single incident involving multiple participants and both are offenses that may be used to prove a pattern of criminal gang activity. (§ 186.22, subd. (e)(1), (2).)

## B. *Primary Activities of Appellant's Gang*

 Appellant also challenges the sufficiency of the evidence proving one of the primary activities of his gang is criminal conduct of the type described in section 186.22, subdivision (e).[2] Case law is unclear what type of evidence is necessary to prove this element of the statute.

Our analysis begins with *People* v. *Gardeley* (1996) 14 Cal.4th 605 [59 Cal.Rptr.2d 356, 927 P.2d 713]. Gardeley was convicted of attempted murder and assault with a deadly weapon. The jury also found the crimes had been committed to benefit a criminal street gang, thus triggering imposition of the gang enhancement. On review, the Supreme Court found the prosecution adequately proved a *pattern* of criminal gang activity by reference to the current offenses—just as we did in subpart A, above. To establish *primary activity*, however, the court apparently disregarded the current offenses and turned instead to the sufficiency of the testimony of Detective Boyd, an expert on gang activity who interviewed Gardeley.

"Boyd testified that defendants Gardeley and Thompson admitted to membership in the Family Crips, and that Gardeley had been a member of the gang since 1983. Boyd also expressed his expert opinion that *the primary activity of the Family Crip gang was the sale of narcotics, but that the gang also engaged in witness intimidation. (These are two of the offenses enumerated in subdivision (e) of section 186.22.)* Boyd based this opinion on conversations with the defendants and with other Family Crip members, his

---

[2]This is the same subsection that defines the crimes necessary to prove pattern.

personal investigations of hundreds of crimes committed by gang members, as well as information from his colleagues and various law enforcement agencies." (*People* v. *Gardeley, supra,* 14 Cal.4th at p. 620, italics added.)

The court required evidence of past activity, not current offenses, although the testimony of a gang expert was sufficient. Moreover, actual convictions or proof beyond a reasonable doubt for these past activities was unnecessary. It was sufficient instead to provide credible testimony that the gang is known for committing one or more of the offenses listed.

A further example appears in *People* v. *Gamez* (1991) 235 Cal.App.3d 957 [286 Cal.Rptr. 894] (disapproved on other grounds in *People* v. *Gardeley, supra,* 14 Cal.4th at p. 624, fn. 10). In a footnote the court noted, ". . . Southside had a name and identified itself in a common manner on graffiti; it had its own hand signs and had as one of its primary activities the commission of various of the statutorily enumerated crimes. . . . Much of the testimony specifically related to Southside and was offered by experts who were familiar with Southside and who had worked or did work in Southside territory. . . ." (*People* v. *Gamez, supra,* 235 Cal.App.3d at p. 977, fn. 7.)[3] The court relied upon experts, not upon the current offenses, to prove the primary activity element.

With this background, we turn now to the record before us. That appellant is a gang member is beyond dispute. Our review of the facts reveals no evidence a primary activity of either VESR or Brown Pride involved the commission of any of the offenses enumerated in the statute. Indeed, our search of the record discloses only three comments from Detective Wright relating to the primary activities of appellant's gang. In the first, in response to a question about the type of group VESR represents, he states "it's a group that has been identified in—in numerous types of activity, the most recent of which is— [¶] . . . it is the type of activity that we're currently discussing today. . . ." His second comment provides "[they have] subscribed to an attitude, if you will, against certain other groups." In the final example, Detective Wright responded in the affirmative when asked whether "clashes" or "similar type of incidents" have previously taken place between appellant's gang and others. Even though the standard of proof adopted by the Supreme Court for this element is greatly relaxed, none of these comments establishes a primary activity of the gang to be one of the enumerated offenses.

Because the record lacks proof that one of the primary activities of the gang was the commission of one or more of the crimes specified in section 186.22, subdivision (e), we must reverse the gang enhancement.

---

[3]The commission of various statutorily enumerated crimes was discussed more fully in the main body of the opinion. They included five convictions by members of the gang for crimes committed on behalf of the gang.

## III

### *Section 654\**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The finding imposing a criminal street gang enhancement is reversed. In all other respects the judgment is affirmed. The juvenile court is ordered to prepare an amended commitment to the California Youth Authority indicating a maximum confinement time of five years for the crime of robbery and forward a copy to that department.

Vartabedian, J., and Wiseman, J., concurred.

The petitions of both respondent and appellant for review by the Supreme Court were denied November 12, 1997.

*See footnote, *ante,* page 1175.