Filed 10/15/15  In re Ali R. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re ALI R., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | F070915 |
| Plaintiff and Respondent, | (Super. Ct. No. JW133376-00) |
| v. | |
| ALI R., | **OPINION** |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  William D. Palmer and Raymonda B. Marquez, Judges.[†]

Jyoti Malik, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, and Lewis A. Martinez, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P.J., Kane, J. and Peña, J.

[†]     Judge Palmer presided over appellant's jurisdictional hearing; Judge Marquez presided over appellant's dispositional hearing.

## INTRODUCTION

On October 2, 2014, a Welfare and Institutions Code section 602 petition was filed in Kern County alleging that appellant Ali R., a minor, committed felony second-degree robbery (Pen. Code, § 212.5, subd. (c)).

At the conclusion of a jurisdictional hearing, the court found the allegation true. Appellant was adjudged a ward of the court and granted probation not to exceed his 21st birthday. He was committed to the Kern Crossroads Facility, and other terms and conditions were imposed.

On appeal, appellant contends there is insufficient evidence to support the court's finding that he committed robbery. We disagree and affirm the judgment.

## FACTS

### *Prosecution Case*

On September 6, 2014, at approximately 11:20 p.m., Kyle Brenner was working at the Chevron gas station located at 1999 Taft Highway in Kern County when appellant and another male, Eddie, walked in. Appellant, then a minor, proceeded toward the beer cabinets while Eddie went to the restroom. As appellant was looking at the beer cabinets, Brenner told him he looked too young to buy beer. Appellant did not respond. When Eddie left the restroom, appellant met him in the hallway, where Brenner heard them discussing beer.

Appellant and Eddie walked over to the beer cabinet. Brenner saw and heard both appellant and Eddie attempt to open the locked cabinets. He explained the cabinet doors make a distinct sound when someone attempts to open them when locked. After appellant and Eddie failed to open the cabinets, they left the store.

Brenner characterized the incident as a beer run. During a beer run, an individual will come into a store to steal beer. Brenner testified that he locked the beer cabinets around 10:00 p.m. to prevent beer runs. Based on his experience as a store clerk, he believed appellant and Eddie were attempting to steal beer.

2.

Within minutes, Brenner observed appellant walk back toward the store, raising his hands in an aggressive manner toward him. Appellant began yelling profanities at Brenner as he reentered the store.[1] Brenner grabbed a golf club to defend himself, walked toward appellant, and asked him to leave. Appellant refused and Brenner began to walk closer to him to escort him out of the store.

Eddie then reentered the store, and both he and appellant attacked Brenner. Brenner was hit in his right eye, temporarily blinding him. Both appellant and Eddie beat Brenner, punching and hitting him in his ribs, back, and face. The Chevron store has a Subway sandwich shop inside of it. During the attack, appellant took his golf club, and using full force, hit a glass Subway counter pull down, smashing it.

As he fled the store, Eddie stole a few bags of chips from a display shelf. Appellant followed behind Eddie, throwing up his hands at Brenner as he ran. Brenner testified that appellant subsequently reentered the store and stole some bags of chips.

*Defense Case*

Appellant testified in his own defense. He said that he met Eddie at a party the night of the incident. Eddie bet appellant $10 he could purchase alcohol from the Chevron store without identification because he knew a guy who worked there. When they entered the store, appellant went to the restroom while Eddie went to the beer cabinets. When appellant returned from the restroom, Eddie did not have the beer. In the hallway of the store, they discussed the beer and then decided to leave.

Appellant claimed that as he exited the store, he smiled at Brenner and made a peace sign. In response, Brenner flipped appellant off. Appellant reentered the store to ask Brenner why he flipped him off and to report Brenner to a store manager.

---

[1] Brenner also testified appellant was making gang signals with his hands, which appellant denied. The juvenile court did not make a determination on this issue as it was not relevant to the allegation before it.

Appellant testified Eddie then reentered the store, grabbed four bags of chips, and told appellant, "Let's go, Ali," as he walked out of the store. At that point, Brenner approached appellant with a golf club and told him he was going to hit him. After a verbal exchange, during which Brenner called appellant an "Arab," and a "snitch," appellant claimed Brenner pushed him and attempted to hit him. Brenner swung at appellant, missed, and appellant pushed Brenner.

Eddie reentered the store and a fight ensued. During the fight, appellant wrestled the golf club away from Brenner and smashed the Subway counter pull down out of anger. Appellant claimed Eddie then grabbed another bag of chips. Appellant followed him out of the store, but did not take anything. Appellant testified that he did not know Eddie was going to steal chips.

## DISCUSSION

In assessing a challenge to the sufficiency of the evidence in a juvenile delinquency proceeding, we review the whole record in the light most favorable to the judgment to determine whether it contains substantial evidence. (*In re Ryan D.* (2002) 100 Cal.App.4th 854, 859.) We will not reevaluate the credibility of witnesses, reweigh the evidence, make inferences or deductions from the evidence, or resolve evidentiary conflicts. (*In re Casey D.* (1999) 70 Cal.App.4th 38, 52-53.) "'Issues of fact and credibility are questions for the trial court.' [Citations.] It is not an appellate court's function, in short, to redetermine the facts." (*In re S.A.* (2010) 182 Cal.App.4th 1128, 1140, quoting *In re Sheila B.* (1993) 19 Cal.App.4th 187, 199-200.)

An allegation of second-degree robbery was found true against appellant. Second-degree robbery is robbery other than that committed in a vehicle, inhabited dwelling house, or at an automated teller machine. (Pen. Code, § 212.5, subd. (c).) Robbery is the "felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accompanied by means of force or fear." (Pen. Code, § 211.)

4.

To sustain a conviction for robbery, the perpetrator must intend to permanently deprive the victim of his or her property. (*People v. Huggins* (2006) 38 Cal.4th 175, 214.) The force or fear used to accomplish the taking must be motivated by the perpetrator's intent to steal. (*People v. Anderson* (2011) 51 Cal.4th 989, 994.) As such, the perpetrator must form the intent to steal prior to or during the act of force. (*People v. Huggins*, *supra*, 38 Cal.4th at p. 214.) If the intent to steal arises after the victim is assaulted, the element of theft by force or fear is not present. (*Id.* at p. 216; see, e.g., *People v. Bradford* (1997) 14 Cal.4th 1005, 1056-1057, 1064 [robbery conviction reversed where the defendant's intent to steal arose only after murdering the victim].)

Appellant claims he had no intention to steal when he entered the Chevron store on the night of the incident, and that he did not reenter the store to steal chips. Brenner claims that based on his experience, appellant and his companion, Eddie, initially entered the store to steal beer. When that attempt was unsuccessful, Eddie and appellant left, and after returning moments later, attacked Brenner, and stole bags of chips from the Chevron store.

Surveillance video admitted into evidence shows portions of the events that occurred on the night of September 6, 2014; the events are depicted non-sequentially in three clips. The first video shows appellant and Eddie leaving the store. After approximately 10 to 15 seconds of discussion, they turn around and walk back toward the store. Appellant raises his arms and hands as he walks toward the store.

In the second video, appellant is standing inside the store. He pushes Brenner a few times while Brenner deflects his movements. Seconds later, Eddie reenters the store and a fight ensues. Appellant and Eddie hit and punch Brenner multiple times. During the attack, appellant takes Brenner's golf club.[2]

---

[2]     The video was edited so as not to show appellant smashing the Subway counter glass.

In the third video, appellant throws the golf club and attempts to exit the store through a locked door near the Subway store. Eddie steals three bags of chips as he exits the main entrance of the store, and appellant follows behind him, throwing up his hands at Brenner.

The video does not depict the minors attempting to open the locked beer cabinets, Brenner displaying his middle finger at appellant, or any type of exchange between Brenner and appellant which appellant alleges prompted him to confront Brenner. The video also does not depict appellant reentering the store and taking chips after attacking Brenner, and shows Eddie stealing bags of chips once, rather than on two occasions, which appellant testified to.

Because the surveillance video does not show critical portions of the events, we must infer the trial court made its determination based on the credibility of the witnesses, and in finding the robbery allegation true, credited Brenner's version of events over appellant's version.[3] However, appellant contends Brenner's testimony is not credible because the attack rendered Brenner temporarily unable to see out of his right eye, he could not recall some details about the incident at trial, and according to appellant, the surveillance video impeaches Brenner's testimony.

Appellant essentially asks this court to reassess the juvenile court's determination of the witnesses' credibility and to resolve evidentiary conflicts between Brenner's testimony and his own. We will not do so as this function falls squarely within the purview of the trial court. (*People v. Harris* (2013) 57 Cal.4th 804, 849) [appellate courts may not resolve issues of credibility or evidentiary conflicts, we must decide only

---

**3** Appellant urges this court to find that because video of appellant stealing chips was not admitted into evidence, it must not have occurred. On this basis, he argues the video impeaches Brenner's testimony. We decline to speculate as to why portions of the video were not admitted and will not infer the events the witnesses testified to, in fact, did not occur because portions of surveillance video were not admitted into evidence.

whether substantial evidence exists]; *People v. Redrick* (1961) 55 Cal.2d 282, 289 ["The credence and ultimate weight to be given the evidence of the various particular circumstances are of course for the trier of fact, and '[i]t is the trier of fact, not the appellate court, that must be convinced of a defendant's guilt beyond a reasonable doubt….'"]; *People v. Young* (2005) 34 Cal.4th 1149, 1181 ["unless the testimony is physically impossible or inherently improbable, testimony of a single witness is sufficient to support a conviction"].)

We find substantial evidence supports the juvenile court's finding that appellant's assault on Brenner was motived by his intent to steal. Brenner testified that based on his experience, appellant and Eddie initially entered the store with the intent to steal beer. After Brenner told appellant that he looked too young to purchase alcohol, he heard appellant and Eddie discussing beer in the hallway. Brenner then heard and saw both appellant and Eddie attempt to open the locked beer cabinets. Appellant is under the legal drinking age and would presumably be unable to purchase beer without identification, which neither he nor Eddie possessed. The only reasonable inference that can be drawn from these facts is that appellant and his companion entered the Chevron store with the intent to steal.

When their attempt was unsuccessful, the minors left the store. Surveillance video shows that after approximately 10 to 15 seconds of discussion, appellant and Eddie turned around and began walking back toward the store. At some point while inside the store, both minors attacked Brenner, punching and hitting him. After the assault, Eddie stole three bags of chips from a display shelf as he fled the store. Brenner testified appellant followed Eddie out of the store, but reentered and stole bags of chips. The juvenile court reasonably concluded from this evidence that appellant's assault on Brenner was motivated by an intent to steal, which culminated in appellant's theft of chips.

Although appellant initially intended to steal beer but ultimately stole bags of chips, robbery only requires the intent to steal prior to or during the use of force, it is not necessary that the perpetrator steal the same item he originally intended to steal. (*People v. Brito* (1991) 232 Cal.App.3d 316, 325-326 ["We see no rationale for limiting the scope of the robbery only to the specific items on which the defendant has focused at the time he initially applies the force."].) Thus, contrary to appellant's assertion, the fact that appellant stole chips, rather than beer, does not prove his true motive was to confront Brenner, rather than to steal.

Assuming, arguendo, appellant did not take bags of chips, the evidence is sufficient to find he aided and abetted his companion, Eddie, in facilitating robbery. "An aider and abettor is one who acts 'with knowledge of the criminal purpose of the perpetrator *and* with an intent or purpose either of committing, or encouraging or facilitating commission of the offense.'" (*In re Jose T.* (1991) 230 Cal.App.3d 1455, 1460, quoting *People v. Beeman* (1984) 35 Cal.3d 547, 560.)

In *In re Lynette G.* (1976) 54 Cal.App.3d 1087, 1094-1095, the court upheld an aiding and abetting allegation against the minor, finding the minor's presence at the scene of the robbery, in addition to the fact that she fled the scene of the crime with the perpetrator and two others, was sufficient to show the minor aided the perpetrator with knowledge of her wrongful purpose. The court identified specific factors relevant to making a determination of aiding and abetting, including, the suspect's "presence at the scene of the crime, companionship, … conduct before and after the offense, [and] flight [from the scene]." (*Id.* at pp. 1094-1095.) The court explained that flight from the scene of a crime demonstrates consciousness of guilt. (*Id.* at p. 1095.)

As previously set forth, Brenner testified appellant and Eddie entered the store with the intent to steal beer. Surveillance video shows they left the store, and returning moments later, acted in concert to attack Brenner. Appellant testified that he observed Eddie steal bags of chips on two occasions, first, prior to the attack, and again, as they

8.

fled the scene of the crime. Surveillance video clearly depicts Eddie stealing multiple bags of chips as both he and appellant fled the store. As appellant fled, he gestured toward Brenner, as if challenging him.

The juvenile court could have reasonably inferred from these facts that appellant was present at the scene of the crime; that by attacking Brenner and then fleeing with Eddie after observing him stealing bags of chips, appellant aided Eddie with knowledge of his theft; and that appellant fled the scene of the crime, evidencing a consciousness of guilt. Thus, the evidence was sufficient to show appellant aided and abetted in the commission of robbery.

We find there was substantial evidence supporting the court's finding that appellant assaulted Brenner with the specific intent to steal.

## DISPOSITION

The judgment is affirmed.