[L.A. No. 31530. Aug. 5, 1982.]

DAVID RONALD RAMOS, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Wilbur F. Littlefield, Public Defender, and Bernard J. Rosen, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

John K. Van de Kamp, District Attorney, Harry B. Sondheim and John W. Messer, Deputy District Attorneys, for Real Party in Interest.

**OPINION**

**KAUS, J.**—Defendant David Ronald Ramos, charged by information with one count of murder and one special circumstance, seeks a writ of prohibition to restrain his trial on the special circumstance allegation. Ramos contends (1) that Penal Code section 1387[1] bars prosecution of the special circumstance allegation because that allegation has twice been dismissed by a magistrate, and (2) that the evidence presented at the preliminary hearing is insufficient to hold him to answer for the special circumstance. We conclude that prosecution of the special circumstance allegation is barred by section 1387 and thus find it unnecessary to reach the sufficiency of the evidence claim.

---

[1]Unless otherwise specified, all section references are to the Penal Code.

## I

On April 3, 1981, Ramos was charged, along with Thomas Gomez and Joan Ponce, with one count of murder. The complaint also charged each defendant with one special circumstance—that the murder was intentional and was committed for financial gain. (§ 190.2, subd. (a)(1).)

On July 23, 1981, following a preliminary hearing, a municipal court judge sitting as magistrate held Gomez and Ponce to answer on the murder charge and the special circumstance allegation, but found the evidence insufficient in all respects as to Ramos and dismissed the proceeding as to him under section 871.

Five days later, the district attorney filed a new complaint recharging Ramos with the identical charges which had been dismissed. A preliminary hearing on the second complaint was held on August 6 and 7, 1981, before a different municipal court judge sitting as magistrate. At the conclusion of that preliminary hearing, the magistrate held Ramos to answer on the murder charge, but dismissed the special circumstance allegation.

Fourteen days later, on August 21, 1981, without seeking reinstatement of the dismissed special circumstance allegation under section 871.5, the district attorney filed an information in superior court pursuant to section 739, charging Ramos with one count of murder and with the same special circumstance allegation that had been dismissed for a second time on August 7. Ramos then moved in superior court to strike the special circumstance allegation on two separate grounds, contending (1) that the evidence presented at the preliminary hearing was insufficient to support the allegation and it should be stricken under section 995, and (2) that, in any event, further prosecution of the allegation was barred under section 1387 because the allegation had been twice dismissed.

The superior court, while recognizing that *Ghent* v. *Superior Court* (1979) 90 Cal.App.3d 944 [153 Cal.Rptr. 720] had held that the adequacy of the evidence to support a special circumstance allegation is subject to review under section 995, noted that in this case the district attorney had indicated that he did not intend to seek the death penalty as to Ramos. The court ruled that in a noncapital setting a special cir-

cumstance allegation was not subject to section 995 review.[2] On similar grounds, the court rejected Ramos' section 1387 motion, reasoning that if section 995 was inapplicable in this context, section 1387 would also not apply. At the same time, however, the court expressed the view that if "the special circumstances is an allegation subject to a 995 . . . therefore by analogy [it] would be, in my mind, subject to a 1387 double dismissal . . . ."

Ramos then filed the present writ proceeding, challenging the superior court's determination that he is required to go to trial on the special circumstance allegation. We granted a hearing to resolve the question of the proper application of section 1387 in this setting.

## II

Following this court's decision in *People* v. *Peters* (1978) 21 Cal.3d 749 [147 Cal.Rptr. 646, 581 P.2d 651], which concluded that a magistrate possessed only quite limited authority at the preliminary stages of a criminal prosecution,[3] the Legislature in 1980 enacted a comprehensive revision of the numerous statutory provisions delineating a magistrate's power to dismiss. (Stats. 1980, ch. 938, §§ 1-9, pp. 2965-2968; see 12 Pacific L.J. 334-337 (1981).) Although the legislation has many facets,[4] probably the most prominent feature and principal purpose of the revision was to establish. clearly that a magistrate, as well as a judge, may "make a dismissal that serves as an effective bar to further prosecution." (12 Pacific L.J. at p. 335.)

---

[2]While expressly grounding its decision on its conclusion that section 995 review was not available, the superior court indicated in passing that it believed that the evidence was sufficient to hold defendant to answer on the special circumstance allegation.

[3]In *Peters*, the court held that section 1385, as it then read, "authorizes dismissals by trial courts, not magistrates." (21 Cal.3d at p. 753.) *Peters* was overruled in *Landrum* v. *Superior Court* (1981) 30 Cal.3d 1, 7-14 [177 Cal.Rptr. 325, 634 P.2d 352].

[4]We summarized the 1980 legislation in *Landrum* v. *Superior Court, supra,* 30 Cal.3d 1, 5-6, footnote 4, as follows: "The legislative amendments made five related sets of changes in the Penal Code. First, sections 1384, 1385 and 1387, which had formerly authorized dismissals in certain situations by the 'court,' were amended to explicitly authorize such dismissals by a 'judge or magistrate.' (Stats. 1980, ch. 938, §§ 6-8, No. 7 West's Cal. Legis. Service, pp. 3193-3194; No. 5 Deering's Adv. Legis. Service, p. 402.) Second, the rule that two dismissals bar further prosecution on a felony charge was expanded to include dismissals pursuant to sections 859b, 861, 871 and 995, as well as sections 1381-1388. (*Id.,* § 8, at pp. 3193-3194.) Third, section 871, which formerly authorized the magistrate to 'discharge' a defendant after hearing proofs which are insufficient, was amended to authorize discharge of the defendant *and* dismissal of the complaint. (*Id.,* § 3, at p. 3192.) Fourth, the 10-day time limit of section 859b and the requirement in section 861 that a preliminary examination be held at one court session were both amended to compel the magistrate to dismiss the complaint and

As already noted, Ramos' main contention is that section 1387, as amended by the 1980 legislation, bars the continued prosecution of the special circumstance allegation in this case. At all relevant times, section 1387 provided—with an exception not applicable here—that "[a]n order terminating an action pursuant to . . . Section . . . 871 . . . is a bar to any other prosecution for the same offense if it is a felony . . . and the action has been previously terminated pursuant to . . . Section . . . 871 . . . ."[5] Ramos maintains, of course, that the July 23 and August 7 dismissals of the special circumstance allegation bring this statutory bar into play.

Attempting to avoid the application of section 1387, the People contend initially that a magistrate's dismissal of a special circumstance allegation under section 871 is not "an order terminating an action" within the meaning of section 1387. Indeed, pointing to the language of section 871 itself—"[i]f . . . it appears . . . that there is not sufficient cause to believe the defendant guilty of a public offense, the magistrate shall order the complaint dismissed"[6]—the People suggest that a magistrate's authority under section 871 does not include the power to dismiss a special circumstance allegation, since such an allegation does not itself constitute a "public offense."

discharge the defendant if either section is violated, except in certain narrow situations. (*Id.*, §§ 1-2, at pp. 3191-3192.) The amendments to both sections provide that if the district attorney shows good cause, an in-custody defendant's preliminary hearing can be held outside the time limits—but the defendant must be released from custody on his own recognizance, unless he is charged with a capital case in which the proof is evident and the presumption great. (*Ibid.*) Finally, the amendments add a new section to the Penal Code, section 871.5, providing a means by which the district attorney can appeal a magistrate's order to dismiss an action pursuant to sections 859b, 861, 871, or 1385. (*Id.*, § 4, at p. 3192.)"

[5]As amended in 1980, section 1387 read in full: "An order terminating an action pursuant to this chapter, or Section 859b, 861, 871, or 995, is a bar to any other prosecution for the same offense if it is a felony or it is a misdemeanor charged together with a felony and the action has been previously terminated pursuant to this chapter, or Section 859b, 861, 871, or 995, or if it is a misdemeanor not charged together with a felony, except in those felony cases, or those cases where a misdemeanor is charged with a felony, where subsequent to the dismissal of the felony or misdemeanor the judge or magistrate finds that substantial new evidence has been discovered by the prosecution which would not have been known through the exercise of due diligence at or prior to the time of termination of the action."

In 1981, the Legislature added two additional exceptions to section 1387. (Stats. 1981, ch. 854, § 4.) None of the exceptions has any relevance to this case.

[6]As amended in 1980, section 871 read in full: "If, after hearing the proofs, it appears either that no public offense has been committed or that there is not sufficient cause to believe the defendant guilty of a public offense, the magistrate shall order the complaint dismissed and the defendant to be discharged, by an indorsement on the depositions and statement, signed by the magistrate, to the following effect: 'There being no sufficient cause to believe the within named A. B. guilty of the offense within mentioned, I order that the complaint be dismissed and that he or she shall be discharged.'"

Although no previous decision has addressed the question of whether a magistrate's authority to dismiss under section 871 includes the power to dismiss an unsupported special circumstance allegation, the Court of Appeal decided a closely related issue in *Ghent* v. *Superior Court, supra*, 90 Cal.App.3d 944. The question in *Ghent* was whether a defendant was entitled to challenge the sufficiency of the evidence to support a special circumstance allegation in superior court pursuant to a section 995 motion, a procedure—like section 871—which focuses on the sufficiency of evidence to hold a defendant to answer for trial.[7] In *Ghent* the People contended that section 995 was only available to challenge the sufficiency of the evidence to support an "offense" with which defendant was charged, and not a special circumstance allegation which was not itself a separate offense. The Court of Appeal rejected that argument, concluding that in light of the potential consequences of a special circumstance allegation, both the defendant and the People have a compelling interest in assuring that the prosecution of such an allegation does not go forward without an adequate probable cause showing.

Distinguishing an earlier case—*People* v. *Superior Court (Grilli)* (1978) 84 Cal.App.3d 506 [148 Cal.Rptr. 740]—which had held that section 995 was not available to challenge the sufficiency of evidence supporting an ordinary penalty enhancement,[8] the *Ghent* court emphasized both the uniquely grave consequences of a special circumstance finding—death as "*total* punishment"—and "the gross disparity between the consequences of 'enhancement' allegations, on the one hand, and allegations of special circumstances on the other." (90 Cal.App.3d at p. 953.) The court then explained: "These distinctions ... demonstrate that the People, as well as the accused, have an overriding interest in the assurance that these allegations are founded on perceptible evidence showing reasonable cause to make them and to assume their portentous consequences in a prosecution for murder .... That assurance will be forthcoming only if the prosecuting authorities produce the requisite evidence at the preaccusatory inquiry on the murder charge *and* if its sufficiency to support the allegations may be tested in

---

[7]Section 995 provides in relevant part: "The indictment or information must be set aside by the court in which the defendant is arraigned, upon his motion, in either of the following cases: ... If it be an information: ... 2. That the defendant had been committed without reasonable or probable cause."

[8]The holding in *Grilli* has been subjected to considerable criticism. (See, e.g., *Ervin* v. *Superior Court* (1981) 119 Cal.App.3d 78, 83-89 [173 Cal.Rptr. 208]; *People* v. *Redman* (1981) 125 Cal.App.3d 317, 326 [178 Cal.Rptr. 49].) The question whether ordinary penalty enhancements are subject to review under sections 871 or 995 is not before us in this case and we accordingly express no view on that matter.

a pretrial procedure which includes appellate review. [¶] ... We accordingly conclude, as a matter of legislative intent, that the sufficiency of the evidence underlying allegations of special circumstances may be challenged on a pretrial motion made pursuant to section 995." (*Id.*, at pp. 953-954.) Following *Ghent*'s lead, a number of Court of Appeal decisions have confirmed that the adequacy of evidence to support a charged special circumstance allegation may be reviewed under section 995. (See, e.g., *Allen v. Superior Court* (1980) 113 Cal.App.3d 42, 48-49, fn. 5 [169 Cal.Rptr. 608], disapproved on other grounds in *People v. Superior Court (Engert)* (1982) 31 Cal.3d 797, 806, fn. 8 [183 Cal.Rptr. 800, 647 P.2d 76]; *Jones v. Superior Court* (1981) 123 Cal. App.3d 160 [176 Cal.Rptr. 430].)

In the present case, the superior court was fully aware of the *Ghent* decision and implicitly acknowledged that the scope of a magistrate's probable cause determination under section 871 was equivalent to a superior court's review under section 995. It believed, however, that *Ghent* was confined to special circumstance cases in which the death penalty was sought; because the district attorney in this case represented that he would not seek the death penalty against Ramos, it concluded that the adequacy of the evidence to support the special circumstance allegation was not subject to review under section 995 and similarly was not subject to the "double dismissal" bar of section 1387.

In our view, the court erred in drawing a distinction—in this context —between special circumstance cases in which the People are seeking the death penalty and those in which the defendant only faces a potential punishment of life without possibility of parole. As Ramos points out, *Ghent* concluded that the sufficiency of the evidence underlying allegations of special circumstances may be challenged pursuant to section 995 "as a matter of legislative intent." (90 Cal.App.3d at p. 954.) Nothing in either the statutory language or legislative history of either the current death penalty statutes or of section 995 indicates that the Legislature intended to limit the review of special circumstance allegations in the manner suggested by the superior court.

Indeed, in the papers filed in this writ proceeding, the district attorney makes no effort to defend the trial court's restricted reading of *Ghent* and concedes that, under *Ghent*, section 995 is available to review the sufficiency of evidence underlying a special circumstance allegation, whether or not the death penalty is sought. He maintains, however, that despite this error the superior court ruling should be sus-

tained, arguing that while special circumstance allegations may always be subject to review *under section 995* they should not be subject to dismissal *under section 871*. The ultimate question under both sections 871 and 995, however, is whether the evidence presented at the preliminary hearing is sufficient to bring the defendant to trial on the charges against him, and the prosecution neither cites authority, nor gives persuasive reasons, to support the claim that the magistrate's authority under section 871 should be truncated as he proposes. If, as is conceded, the sufficiency of evidence underlying a special circumstance allegation may always be tested in superior court under section 995, we see no purpose to be served in construing section 871 to preclude the magistrate from making this reasonable cause determination concurrently with his evaluation of the adequacy of the evidence with respect to the remainder of the charges.

Accordingly, we conclude that under section 871 a magistrate may dismiss or strike a special circumstance allegation if the evidence presented at the preliminary hearing does not provide sufficient cause to support the allegation. In light of the direct reference to section 871 in section 1387, we also conclude that a dismissal of a special circumstance allegation under section 871 is "an order terminating an action" under section 1387.

The People contend, however, that even if the magistrate's August 7th order was the second "order terminating an action" for purposes of section 1387, Ramos is still not entitled to relief; they point to the language of section 1387 which provides that a second termination order "is a bar to *any other prosecution* for the same offense" (italics added), and assert that the district attorney's action in filing an information in superior court charging Ramos with the dismissed special circumstance allegation should not be considered an "other prosecution" for purposes of this section. We find this contention totally without merit.

In support of their claim, the People accurately note that in filing an information charging a matter which was not included by the magistrate in the order of commitment, but which—at least in the district attorney's view—was supported by the evidence presented at the preliminary hearing, the district attorney followed a practice specifically authorized by section 739[9] and the many authorities construing that

[9]Section 739 provides in relevant part: "When a defendant has been examined and committed, as provided in Section 872, it shall be the duty of the district attorney ... to file in the superior court ... an information against the defendant which may

section. (See, e.g., *People* v. *Bird* (1931) 212 Cal. 632 [300 P. 23]; *Parks* v. *Superior Court* (1952) 38 Cal.2d 609 [241 P.2d 521].) In addition, the People emphasize that when the Legislature revised the related statutory provisions in 1980 it made no change in section 739, and thus gave no explicit indication that it intended to repeal a district attorney's authority to utilize this procedure in appropriate cases. From these premises, the People conclude that the Legislature did not intend the district attorney's exercise of the section 739 procedure to be subject to section 1387's two-dismissal bar.

The suggested conclusion, however, simply does not follow from its premises. Ramos does not contend that the 1980 legislation eliminated the district attorney's authority under section 739 to file an information charging an offense or special circumstance that has been dismissed by the magistrate; he properly concedes that after a first dismissal by the magistrate, the district attorney may either refile a new complaint, file an information under section 739 charging the dismissed matter (see *People* v. *Encerti* (1982) 130 Cal.App.3d 791, 795-798 [182 Cal.Rptr. 139]);[10] or—if he wishes to eliminate the effect of the first dismissal for section 1387 purposes—challenge the dismissal directly under section 871.5. (See *Chism* v. *Superior Court* (1981) 123 Cal.App.3d 1053, 1061 [176 Cal.Rptr. 909].) On the other hand, there is nothing in the new legislation to support the People's suggestion that when a charge has already been dismissed twice under section 871, an information filed under the section 739 procedure recharging the dismissed matter is not "any other prosecution for the same offense." Such a conclusion would significantly undermine both the respect which the new legislation generally accords to dismissals by a magistrate and the added protection from repeated refilings afforded defendants by the amendment of section 1387.

Although arising in a different factual context, the case of *Marler* v. *Municipal Court* (1980) 110 Cal.App.3d 155 [167 Cal.Rptr. 666] strongly supports Ramos' contention that section 1387's reference to "any other prosecution" should be interpreted to include the district attorney's reintroduction of the special circumstance allegation after two dismissals via section 739. In *Marler*, a misdemeanor case, after some negotiation one of several defendants entered a guilty plea and—at the prosecution's request—all charges as to the remaining defendants were

charge the defendant with either the offense or offenses named in the order of commitment or any offense or offenses shown by the evidence taken before the magistrate to have been committed . . . ."

[10]Section 739 may only be used, of course, when the magistrate has held the defendant to answer on some offense. (See fn. 9, *ante*.)

dismissed. After the time for appealing the dismissals had passed, the defendant who had pleaded guilty succeeded in having his plea set aside. The People then attempted to reinstate the previously dismissed charges against the other defendants, claiming that such "reinstitution" of the charges was not an "other prosecution" barred by section 1387. The Court of Appeal rejected the People's contention, explaining: "The term 'prosecution' is sufficiently comprehensive so as to include every step in an action from its commencement to its final determination . . . . *Thus the term 'bar to any other prosecution for the same offense' would prohibit not only refiling anew but also a 'reinstatement' of the original complaint on an ex parte motion of the People.* Each is but one of the many possible steps in 'criminal proceedings with the purpose of reaching a judicial determination of the guilt or innocence of the accused.'" (Italics added, 110 Cal.App.3d at pp. 160-161.)

In like manner, we conclude that the district attorney's reinstatement of the special circumstance allegation pursuant to section 739 was an "other prosecution for the same offense" which was barred under section 1387 because the allegation had already been dismissed twice under section 871.

This interpretation of section 1387 does not leave the People without means to challenge a second order of a magistrate dismissing all or a portion of a complaint. The 1980 legislation added a new Penal Code provision—section 871.5—which provides the People with a specially designed procedure for challenging a magistrate's dismissal order.[11] In this case, however, the People did not avail themselves of the remedy afforded by section 871.5, but instead attempted simply to ignore the second dismissal by proceeding directly under section 739. Although the People suggest that we should equate the district attorney's authority to

---

[11]As enacted in 1980, section 871.5 provided in relevant part: "If an action, or a portion thereof, is dismissed by a magistrate pursuant to Sections 859b, 861, 871 or 1385, the prosecutor may make a motion, with notice to the defendant and magistrate, in the superior court within 10 days after the dismissal to compel the magistrate to reinstate the complaint or a portion thereof . . . on the ground that, as a matter of law, the magistrate erroneously dismissed the action or a portion thereof. [¶] The superior court shall hear and determine the motion on the basis of the record of the proceedings before the magistrate. If the motion is litigated to decision by the people, they shall be prohibited from refiling the action, or the portion thereof, which was dismissed. [¶] . . . [¶] . . . [¶] Pursuant to paragraph (9) of subdivision (a) of Section 1238 the people may take an appeal from the denial of the motion by the superior court to reinstate the complaint or a portion thereof. If the motion to reinstate the complaint is granted, the defendant may seek review thereof only pursuant to Sections 995 and 999a. Such review may only be sought in the event the defendant is held to answer pursuant to Section 871. [¶] . . ."

proceed under section 739 with his authority to challenge a magistrate's ruling under section 871.5, section 871.5 differs from section 739 in a number of significant respects, establishing more stringent time limitations and notice requirements than section 739 and, perhaps most importantly, placing the burden on the People—rather than the defendant—to go forward and demonstrate the impropriety of the magistrate's dismissal. In light of the overall purpose and interrelated provisions of the 1980 legislation, we conclude that after a second dismissal, section 1387 bars the People from simply refiling the dismissed charges under section 739.[12]

The alternative writ previously issued is discharged. Let a peremptory writ of prohibition issue, restraining further proceedings with respect to the special circumstance allegation.

Bird, C. J., Mosk, J., Richardson, J., Newman, J., Broussard, J., and Reynoso, J., concurred.

---

[12]We note that this case does not present the question of the application of section 1387 to a case in which (1) a magistrate dismisses a charge one time under section 871, (2) the prosecution files an information recharging the dismissed matter under section 739, and (3) the superior court dismisses the refiled charge under section 995. Accordingly, we express no view on that issue.