[No. G018874. Fourth Dist., Div. Three. Apr. 25, 1996.]

TRI HUU HUYNH, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Brian L. Ducker, Alternate Public Defender, and Kevin J. Phillips, Deputy Alternate Public Defender, for Petitioner.

No appearance for Respondent.

Michael R. Capizzi, District Attorney, Maurice L. Evans, Chief Assistant District Attorney, and Craig McKinnon, Deputy District Attorney, for Real Party in Interest.

OPINION

WALLIN, J.—Tri Huu Huynh petitions for a writ of mandate/prohibition, contending the trial court abused its discretion by denying his motion pursuant to Penal Code section 995[1] on the ground it could not be used to set aside allegations the charged attempted murders were premeditated and deliberated. We grant the petition.

Huynh was charged by complaint in the municipal court with shooting at an occupied motor vehicle and assault with a firearm. The evidence at the preliminary hearing showed he was a passenger in a Honda driven by Tuan Nguyen. Hieu Vu and Tran (a minor) were passengers.[2] Nguyen did not know Huynh well, but was giving him a ride home. None of the occupants were gang members.

A Toyota Supra, which had been tailgating the Honda and flashing its high beams, pulled in front of the Honda at a stoplight, and one of the Supra's occupants got out and opened its hatchback. A person in the hatchback area sat up and stared at the Honda's occupants. He pulled up his shirt and may have exposed a gun. As the cars traveled along, a person in the Supra stood up and flashed gang signs and said something like "O.G.O.V."[3] When the cars reached another light, the Supra pulled up next to the Honda, and the person who flashed the signs approached the Honda and asked Huynh if he was affiliated with a gang ("Where are you from?"). Huynh said nothing.

As the cars moved on, the Supra's occupants threatened to shoot those in the Honda, saying "You guys want to throw down?", "Pull to the side," and

---

[1]All statutory references are to the Penal Code unless otherwise noted.

[2]The following recitation of the facts is a synthesis of Nguyen's and Vu's testimony at the preliminary hearing. Their testimony did not vary in any material manner.

[3]The initials stand for the gang Orange County Lonely Viets.

"You want to die?" No one in the Honda replied. When the cars stopped at another light, the threats continued, and Huynh pulled a gun from his bag and fired four or five shots into the Supra's door. Both vehicles accelerated away from the intersection at extremely high rates of speed, but the Honda pulled over after a motorcycle officer, who had heard the shots, pursued and turned on his siren.

In superior court Huynh was eventually charged in an amended information with three counts of attempted murder and five counts of assault with a semiautomatic weapon.[4] To each of the attempted murder counts was added an allegation that the crime was premeditated and deliberated within the meaning of section 664, subdivision (a).[5] Huynh brought a motion pursuant to section 995 to set aside these allegations on the ground there was no evidence at the preliminary hearing to support them.[6] The trial court denied the motion, reasoning that although there was no evidence to support the allegations, the court had no duty to strike them pursuant to section 995.[7]

■  The district attorney argues the trial court ruled properly because attempted murder, like murder, is a crime divided into degrees, and the degree need not be proved at the preliminary hearing. (See, e.g., *People* v. *Buckley* (1986) 185 Cal.App.3d 512, 521-522 [228 Cal.Rptr. 329] [magistrate need not determine the degree of murder].) But the Supreme Court's recent pronouncement in *People* v. *Bright* (1996) 12 Cal.4th 652 [49 Cal.Rptr.2d 732, 909 P.2d 1354] is inimical to his position: section 664 does not divide attempted murder into degrees; it establishes a penalty provision to increase punishment. (12 Cal.4th at p. 669.)

Section 995 may be invoked to challenge the sufficiency of penalty enhancements. *(People* v. *Superior Court (Mendella)* (1983) 33 Cal.3d 754,

---

[4]We assume the charges reflected five shots and three occupants in the Supra.

[5]Section 664 provides in relevant part: "Every person who attempts to commit any crime, but fails, or is prevented or intercepted in the perpetration thereof, is punishable, where no provision is made by law for the punishment of such attempts, as follows: [¶] (a) . . . [I]f the crime attempted is willful, deliberate, and premeditated murder, . . . the person guilty of that attempt shall be punishable by imprisonment in the state prison for life with the possibility of parole; provided, further, that if the crime attempted is any other one in which the maximum sentence is life imprisonment or death the person guilty of the attempt shall be punishable by imprisonment in the state prison for a term of five, seven, or nine years. The additional term provided in this section for attempted willful, deliberate, and premeditated murder shall not be imposed unless the fact that the attempted murder was willful, deliberate, and premeditated is charged in the accusatory pleading and admitted or found to be true by the trier of fact."

[6]Section 995 provides in relevant part: "[T]he indictment or information shall be set aside . . . upon his or her motion, in either of the following cases: . . . [¶] (2) If it is an information: . . . [¶] (B) That the defendant had been committed without reasonable or probable cause." The motion may be directed at only a part of the information. (4 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) Proceedings Before Trial, § 2112, p. 2483.)

[7]The motion also sought to set aside the substantive attempted murder counts as well, but Huynh does not challenge the trial court's ruling denying that part of the motion.

763 [191 Cal.Rptr. 1, 661 P.2d 1081] [great bodily injury allegation]; see also *Ramos* v. *Superior Court* (1982) 32 Cal.3d 26, 34 [184 Cal.Rptr. 622, 648 P.2d 589] [special circumstances].)　■　The district attorney asserts, "In *People* v. *Bright* (1996) 12 Cal.4th 652, at page 656, fn. 2, the California Supreme Court held that the 'deliberate and premeditated' allegation in § 664(a) is *not an enhancement* within the meaning of rule 405(c) of the California Rules of Court . . . [but] is a 'penalty provision' which prescribes a *greater base term penalty.*" The district attorney mischaracterizes the pronouncement as a holding.

The Supreme Court merely observed an enhancement adds a separate term to the base term while a penalty provision specifies a greater term. The court *held* double jeopardy does not prevent retrial on the issue of premeditation and deliberation because the crime is not divided into degrees. Because the holding was not affected by the comment, the comment was dictum and is not binding on us. (See *In re Marriage of Witt* (1987) 197 Cal.App.3d 103, 107 [242 Cal.Rptr. 646].)

In any event, the distinction between a "sentence enhancement" and a "penalty provision" is a distinction without a difference as far as the present issue is concerned. Like an enhancement, and unlike the greater and lesser degrees of certain offenses, "a penalty provision prescribes an added penalty to be imposed when the offense is committed under specified circumstances." (*People* v. *Bright, supra,* 12 Cal.4th at p. 661.)

And, like the language the Legislature habitually uses when defining enhancements (as well as other penalty provisions), section 664, subdivision (a), requires that the allegations be pleaded and admitted or found true by the trier of fact, evidencing "a legislative intent to create a penalty provision specifying a greater term, rather than a substantive offense." (*People* v. *Bright, supra,* 12 Cal.4th at p. 668; for substantially identical language in enhancements, see §§ 186.10, 186.11, 422.75, 451.1, 452.1, 667.61, 12022.4, 12022.6, 12022,7, 12022.9 12022.95; Health & Saf. Code, §§ 11353.1, 11353.4, 11353.6, 11370.4, 11379.8, 11380.1, 11380.5; Veh. Code, §§ 23182, 23208; for substantially identical language in penalty provisions, see §§ 190.05, 647f, 667.61, 1203.044; Fin. Code, § 5309; Health & Saf. Code, § 118340.) From this we conclude the Legislature also intended section 664, subdivision (a) allegations, like enhancements, would requre proof at the preliminay hearing and review under section 995. (See *People* v. *Superior Court (Mendella), supra,* 33 Cal.3d at p. 763 [no evidence the Legislature intended to deprive litigants of section 995 review when it created enhancements in the determinative sentencing law]; and see *Ramos* v. *Superior Court, supra,* 32 Cal.3d at p. 34 [mandating section 995 review

for special circumstances, which are "penalty provisions" under the *Bright* definition].)

We reject the district attorney's argument the Legislature intended otherwise when it used "trier of fact" language in the section after the Supreme Court had commented in *People* v. *Slaughter* (1984) 35 Cal.3d 629 [200 Cal.Rptr. 448, 677 P.2d 854] that "the magistrate is not a trier of fact." (*Id.* at p. 637.) That statement dealt with the standard of scrutiny a magistrate is to give to the evidence. It did not define which matters the magistrate must scrutinize. If courts construed the language as the district attorney does, the prosecution would never put on evidence of substantive crimes at the preliminary hearing because guilt itself is to be decided by the trier of fact.

Huynh was entitled to have the trial court hear and determine his section 995 motion regarding the sufficiency of evidence to support the premeditation and deliberation enhancement. Mandate lies to compel the trial court to do so. (*Burnett* v. *Superior Court* (1974) 12 Cal.3d 865, 869-870 [117 Cal.Rptr. 556, 528 P.2d 372].)[8]

Let a writ of mandate issue ordering respondent court to hear and determine before trial Huynh's section 995 motion as it relates to the sufficiency of the evidence to support the section 664 enhancement. The alternative writ is discharged and the stay is dissolved.

Crosby, Acting P. J., and Rylaarsdam, J., concurred.

A petition for a rehearing was denied May 21, 1996, and the petition of real party in interest for review by the Supreme Court was denied July 31, 1996.

---

[8]Our resolution of this issue makes it unnecessary to consider Huynh's argument he was denied equal protection.