[No. H020621. Sixth Dist. Aug. 18, 2000.]

ISRAEL VILLA SALAZAR, Petitioner, v.
THE SUPERIOR COURT OF MONTEREY COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Eugene J. Martinez; Joseph A. Cisneros; and Katera A. Estrada for Petitioner.

No appearance for Respondent.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Ross C. Moody and David H. Rose, Deputy Attorneys General, for Real Party in Interest.

## OPINION

**PREMO, J.**—Petitioner Israel Villa Salazar is a defendant in a criminal prosecution for attempted murder. He seeks a statutory writ of prohibition (Pen. Code, § 999 subd. (a))[1] following respondent court's denial of his motion to set aside two sentence enhancement allegations of the information (§ 995).[2] He contends that no evidence was presented at the preliminary hearing to support the enhancements. We agree. We therefore grant the petition.

### SCOPE OF REVIEW

■   "In determining if charges in an information can withstand a motion under section 995, neither the superior court nor the appellate court may reweigh the evidence or determine the credibility of the witnesses. [Citations.] Ordinarily, if there is some evidence in support of the information, the reviewing court will not inquire into its sufficiency. [Citations.] Thus, an indictment or information should be set aside only when there is a total absence of evidence to support a necessary element of the offense charged. [Citations.] [¶] '[A]lthough there must be *some* showing as to the existence of each element of the charged crime [citation] such a showing may be made by means of circumstantial evidence supportive of reasonable inferences on the part of the magistrate.' [Citation.] 'Every legitimate inference that may be drawn from the evidence must be drawn in favor of the information.' [Citations.] Thus, the ultimate test is that ' " "[a]n *information will not be set aside or prosecution thereon prohibited if there is some rational ground for assuming the possibility that an offense has been committed and the accused is guilty of it.*' " ' [Citation.] [¶] We review the evidence in support of the information to determine whether as a matter of law it is sufficient, not whether the trial court's ruling was reasonable. [Citations.]" (*People v. Superior Court (Jurado)* (1992) 4 Cal.App.4th 1217, 1226 [6 Cal.Rptr.2d 242], italics in original.)

---

[1]Further unspecified statutory references are to the Penal Code.

[2]We first summarily denied relief, but the Supreme Court granted review and transferred the matter to us with directions to vacate our order and issue an alternative writ. We vacated our order, ordered issuance of an alternative writ, and stayed all further proceedings pending our review. Real party in interest filed a formal opposition, petitioner filed a reply, and we heard oral argument.

## Background

The People charged petitioner with the attempted murder of John Doe No. 1, alleging a street gang enhancement (§ 186.22, subd. (b)(1) [1, 2, or 3 years])[3] and a firearms enhancement (§ 12022.53, subd. (c) [20 years]).[4]

The preliminary hearing evidence consisted of the testimony of Officer Vicki Lyn Burnett and Officer Eric Wallace of the Salinas Police Department.

Officer Burnett testified regarding her response to the crime scene and subsequent investigation: Officer Burnett went to a 7-Eleven store in Salinas, where she found Doe No. 1 lying on the floor with a wounded leg. She interviewed the store clerk and later John Doe No. 2, who gave her an account of the events that led to Doe No. 1's injury. Two Hispanic males had come into the store, taken beer from a cooler, and brought the beer to the counter. The Does (also Hispanic males) then entered the store. They also brought beer to the counter. They stood in line behind the first two men. One of the first two men asked Doe No. 2 where he was from. Doe No. 2 replied that he was "from the south." The first two men were "mad dogging" the Does. They then left the store together before the Does. The Does left the store after purchasing their beer. The store clerk followed them out. After the Does exited the store, Doe No. 2 heard someone yell "Fuck Vagos." The store clerk then heard someone yell "SEM," saw a flash, and heard gunfire. Doe No. 1 suffered a bullet wound to the left leg.

Officer Wallace testified next: At the time of the incident, Officer Wallace was conducting surveillance on the 7-Eleven store with a pair of binoculars. He saw the incident and identified petitioner and petitioner's codefendant,

[3]Section 186.22, subdivision (b)(1), provides: "Except as provided in paragraph (4), any person who is convicted of a felony committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members, shall, upon conviction of that felony, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he or she has been convicted, be punished by an additional term of one, two, or three years at the court's discretion."

[4]Section 12022.53, subdivision (c), provides: "Notwithstanding any other provision of law, any person who is convicted of a felony specified in subdivision (a) [includes attempted murder], and who in the commission of that felony intentionally and personally discharged a firearm, shall be punished by a term of imprisonment of 20 years in the state prison, which shall be imposed in addition and consecutive to the punishment prescribed for that felony." Relevant to petitioner's alleged role in this case is the vicarious liability feature of section 12022.53 found in subdivision (e)(1), which states: "The enhancements specified in this section shall apply to any person charged as a principal in the commission of an offense that includes an allegation pursuant to this section when a violation of both this section and subdivision (b) of Section 186.22 are pled and proved."

Karlo Haros (hereafter Haros), as being involved. According to Officer Wallace, petitioner and Haros had been dropped at the store by a white car, gone into the store, and come out; when the Does and the store clerk walked out of the store, Haros assumed a two-handed shooting stance and began firing a handgun at the Does and clerk.

The magistrate held petitioner and Haros to answer on all charges. The People then amended the information to include a charge of attempted premeditated murder against both petitioner and Haros.

Petitioner filed a section 995 motion to set aside the charges of attempted murder and the gang and firearms enhancements, on grounds of (1) lack of sufficient evidence of complicity for the attempted murder charge; (2) lack of sufficient evidence of gang affiliation and criminal activity in furtherance of the gang; and (3) lack of sufficient evidence that petitioner personally discharged a firearm in the commission of the alleged crime. Petitioner cited *People v. Superior Court (Mendella)* (1983) 33 Cal.3d 754 [191 Cal.Rptr. 1, 661 P.2d 1081] (hereafter *Mendella*), as authority for the proposition that proof of enhancements is necessary at the preliminary hearing.[5]

As to the gang enhancement, petitioner argued that the evidence at the preliminary hearing was insufficient because (1) there was no evidence that he and Haros were affiliated with a known street gang, and (2) there was no evidence that demonstrated a pattern of criminal gang activity or that the predicate crimes were gang-related.

Concerning the enhancements, the People contended that the section 995 motion was not proper. In the People's view, a section 995 motion to set aside enhancements cannot be brought because the People have no duty to put on evidence at the preliminary hearing to support enhancements. The People urged that *Mendella* was abrogated in 1990 by Proposition 115 because Proposition 115 included an amendment to section 866, subdivision (b), which provides that the purpose of the preliminary hearing is to establish whether there is probable cause to believe that the defendant has committed a felony. They reasoned that an enhancement need not be proved at the preliminary hearing because an enhancement is not a felony.

Respondent court denied petitioner's section 995 motion from the bench without comment.

---

[5]Since proof of a street gang enhancement is a necessary element for vicarious liability under the firearms enhancement, petitioner's challenge to the street gang enhancement necessarily constituted a distinct challenge to the sufficiency of the evidence supporting the firearms enhancement.

## Discussion

■ In this petition, petitioner seeks review of the order denying his section 995 motion only as to the gang enhancement (and as to the firearms enhancement insofar as the gang enhancement is a necessary element of the firearms enhancement). He again generally argues that the People failed to provide any evidence at the preliminary hearing to support the enhancement. But he principally expands on his point that a defendant may use a section 995 motion to challenge the sufficiency of enhancement evidence. He adds that the People incorrectly view *Mendella* as being abrogated by Proposition 115. He cites two appellate court decisions as adopting the ruling in *Mendella* after the enactment of Proposition 115, *People v. Carreon* (1997) 59 Cal.App.4th 804 [69 Cal.Rptr.2d 438], and *Miranda v. Superior Court* (1995) 38 Cal.App.4th 902 [45 Cal.Rptr.2d 498]. Thus, petitioner advances that he had the right to challenge the enhancements at the preliminary hearing stage.

The People have cited no authority to support the proposition that *Mendella* has been abrogated by Proposition 115. *Mendella* reasoned that the purpose of a preliminary hearing under section 871 is to determine whether there is probable cause to believe that the defendant is guilty of a public offense, and that the term "offense" should be interpreted broadly to include enhancements, which can have an effect as serious as the charge itself. (*Mendella, supra,* 33 Cal.3d at pp. 759, 761.) The court also explained that a defendant must have a method to challenge misuses of enhancement allegations and a section 995 motion provides a quick and efficient remedy. (33 Cal.3d 760.)

Though the Supreme Court decided *Mendella* in 1983, well before the Proposition 115 changes to the Penal Code, the court has since cited *Mendella* with approval in *People v. Wims* (1995) 10 Cal.4th 293, 306, footnote 6 [41 Cal.Rptr.2d 241, 895 P.2d 77] ("We held there [in *Mendella*] only that an enhancement allegation may be challenged by a motion to dismiss under § 995, basing our holding on 'practical and policy consideration' ") and in the case of *In re Jovan B.* (1993) 6 Cal.4th 801, 814, footnote 8 [25 Cal.Rptr.2d 428, 863 P.2d 673] (stating that amendments to § 12022.1 [enhancement for offense committed while on bail/own recognizance status] had the effect of removing § 12022.1 from the holding of *Mendella*).[6]

Moreover, in addition to the appellate decisions cited by petitioner, there is a more recent case upholding the use of a section 995 motion to challenge

---

[6]Amendments to section 12022.1 in 1985 added subdivision (c), which provides that "The enhancement allegation may be pleaded in a complaint but need not be proved at the preliminary hearing or grand jury hearing." (*In re Jovan B., supra,* 6 Cal.4th at p. 814, fn. 8.) No similar provision is included in section 12022.53.

enhancements. In *Huynh v. Superior Court* (1996) 45 Cal.App.4th 891, 894 [54 Cal.Rptr.2d 336], the court ruled, "Section 995 may be invoked to challenge the sufficiency of penalty enhancements," and cited *Mendella* as support.

Thus, the authorities before and since Proposition 115 recognize that a defendant has a right to bring a section 995 motion for the purpose of challenging the sufficiency of the evidence to support enhancement allegations.

The street gang enhancement under consideration imposes certain penal consequences when crimes are committed "for the benefit of, at the direction of, or in association with any criminal street gang." (§ 186.22, subd. (b)(1).) A "criminal street gang" is any ongoing association of three or more persons that shares a common name or common identifying sign or symbol; has as one of its "primary activities" the commission of specified criminal offenses; and engages through its members in a "pattern of criminal gang activity." (§ 186.22, subd. (f).) A "pattern of criminal gang activity" means the commission of, attempted commission of, or solicitation of, sustained juvenile petition for, or conviction of two or more enumerated offenses within a specified time on separate occasions by two or more persons. (§ 186.22, subd. (e).) The existence of a criminal street gang is unquestionably an element of the street gang enhancement. (See *People v. Gardeley* (1996) 14 Cal.4th 605, 619-620 [59 Cal.Rptr.2d 356, 927 P.2d 713]; *In re Jose T.* (1991) 230 Cal.App.3d 1455, 1462 [282 Cal.Rptr. 75].)

As we have pointed out, the showing required at a preliminary hearing is exceedingly low. Here, however, there is a total absence of evidence demonstrating the existence of a criminal street gang. The most that can be said is that the evidence implies that there is a group known as "Vagos" or "SEM." But no evidence connects petitioner to such a group. Moreover, no evidence suggests that members of a group known as "Vagos" or "SEM" individually or collectively engage in or have engaged in a pattern of criminal gang activity. (*In re Lincoln J.* (1990) 223 Cal.App.3d 322, 327 [272 Cal.Rptr. 852].)

There is therefore no rational ground for assuming the possibility of the existence of a criminal street gang in this case. (*People v. Superior Court (Jurado)*, *supra*, 4 Cal.App.4th at p. 1226.)

## DISPOSITION

The petition for writ of mandate and prohibition is granted. Let a peremptory writ of mandate issue, directing respondent court to amend its order

denying petitioner's section 995 motion so that the motion is granted to the extent that it is directed against the special allegations of the street gang enhancement (§ 186.22, subd. (b)(1)) and the firearms enhancement (§ 12022.53, subd. (c)) of the amended information. The alternative writ is discharged, and the stay of further proceedings in the underlying matter is dissolved effective upon the issuance of remittitur.

Cottle, P. J., and Elia, J., concurred.