**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARY ELLEN SAMUELS, | No. 20-99005 |
| Petitioner-Appellant, | D.C. No. 2:10-cv-03225-SJO |
| v. | |
| JANEL ESPINOZA, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted November 18, 2021
Pasadena, California

Before: WARDLAW and HURWITZ, Circuit Judges, and BOUGH,** District
Judge.

Mary Ellen Samuels, a California state prisoner, appeals the district court's

judgment denying guilt-phase relief on her 28 U.S.C. § 2254 habeas corpus

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Stephen R. Bough, United States District Judge for the
Western District of Missouri, sitting by designation.

petition.[1]  We have jurisdiction under 28 U.S.C. §§ 1291 and 2253.  Reviewing *de novo* under the standard set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), *Demetrulias v. Davis*, 14 F.4th 898, 905 (9th Cir. 2021), we affirm.

The sole issue certified by the district court for appeal was its rejection of Claim 5, which asserted ineffective assistance of counsel ("IAC") by James Robelen, the attorney who represented Samuels at her preliminary hearing, whom Samuels claimed had a conflict of interest.  The California Supreme Court could reasonably have determined that Robelen's representation of James Bernstein and Samuels was successive rather than concurrent because Bernstein died before Samuels's right to counsel attached.  *See Wood v. Georgia*, 450 U.S. 261, 271 (1981) (right to conflict-free counsel applies where a constitutional right to counsel exists); *United States v. Olson*, 988 F.3d 1158, 1160 (9th Cir. 2021) (per curiam) (the right to counsel attaches when a defendant is charged).  We therefore do not presume prejudice.  *See Cuyler v. Sullivan*, 446 U.S. 335, 348, 349-50 (1980) (prejudice is presumed only if petitioner demonstrates that counsel "actively represented conflicting interests" and that "an actual conflict of interest adversely affected [her] lawyer's performance"); *Noguera v. Davis*, 5 F.4th 1020, 1036 (9th

---

[1]  The district court granted habeas relief as to the death sentence imposed on Samuels.  The state does not seek review of that decision.

Cir. 2021) ("[T]here is no clearly established Supreme Court precedent applying *Sullivan*'s presumed-prejudice standard to successive representation.").

Samuels cannot show actual prejudice from Robelen's failure to disclose Bernstein's alleged confession at the preliminary hearing because she cannot show a reasonable probability that, absent this failure, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (a claim of ineffective assistance of counsel requires a showing of both ineffective assistance and prejudice); *Noguera*, 5 F.4th at 1039 (quoting *Strickland*, 466 U.S. at 694) ("To establish prejudice, a petitioner 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"). As "the showing required at a preliminary hearing is exceedingly low," *Salazar v. Superior Ct.*, 83 Cal. App. 4th 840, 846 (2000), we affirm the district court's denial of Claim 5. *See Harrington v. Richter*, 562 U.S. 86, 98 (2011) (stating that when the California Supreme Court summarily denies a claim, the petitioner must show that "there was no reasonable basis for the state court to deny relief"); *Demetrulias*, 14 F.4th at 912 (AEDPA review of a state court's denial of a *Strickland* claim is doubly deferential).

Samuels seeks to expand the certificate of appealability ("COA") by presenting uncertified issues in her opening brief. *See* 9th Cir. R. 22-1(e). We expand the COA to include Claim 6, which asserts IAC because of trial counsel's

3

decision not to call Robelen to testify that Bernstein had confessed to the murder of Robert Samuels. We nonetheless affirm the district court's denial of Claim 6 because the California Supreme Court could reasonably have concluded that this was a reasonable strategic decision by trial counsel. *See Richter*, 562 U.S. at 106; *Demetrulias*, 14 F.4th at 912–13; *Jurado v. Davis*, 12 F.4th 1084, 1100 (9th Cir. 2021) ("[W]ide latitude is given to defense counsel in making tactical decisions.").

We decline to issue a COA on the remaining issues because Samuels has not shown that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also* 28 U.S.C. § 2253(c)(2); *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012).

**AFFIRMED.**

4