Filed 12/4/20  P. v. Demedio CA4/2
Opinion following order vacating prior opinion

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E068595 |
| v. | (Super.Ct.No. SWF1203227) |
| RONALD RALPH DEMEDIO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Angel M. Bermudez, Judge.  Reversed and remanded with directions.

Rene Rich and Jill M. Kent, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler and Lance E. Winters, Chief Assistant Attorneys General, Julie L. Garland, Assistant Attorney General, Michael Pulos and Joy Utomi, Deputy Attorneys General, for Plaintiff and Respondent.

1

# I

## INTRODUCTION

A jury found defendant and appellant Ronald Ralph Demedio guilty of first degree residential burglary (Pen. Code, § 459; count 1);[1] receiving stolen property (§ 496, subd. (a); count 2); and grand theft of a firearm (§ 487, subd. (d)(2); count 3). Defendant subsequently admitted that he had suffered five prior prison terms (§ 667.5, subd. (b)), three prior serious felony convictions (§ 667, subd. (a)), and three prior strike convictions (§§ 667, subds. (c), (e)(2), 1170.12, subd. (c)(2)(A)). As a result, in 2015, defendant was sentenced to a total indeterminate term of 25 years to life and a total determinate term of 13 years in state prison.

In his first appeal, defendant argued that his sentence of 25 years to life on count 2 was unauthorized and that the trial court erred in staying, rather than striking, two of his prior prison term enhancements. In a nonpublished opinion, we held that the trial court's finding that defendant's conviction for receiving stolen property as alleged in count 2 was a dual conviction was legally erroneous because defendant's convictions for theft and receipt are based on separate property. Therefore, the trial court was required to impose a sentence on count 2 and its failure to do so was unauthorized. (*People v. Demedio* (Oct. 21, 2016, E063425) [nonpub. opn.] pp. 7-8 (*Demedio I*).) We also concluded that defendant was entitled to a second strike double determinate sentence on count 2 pursuant to the Reform Act (Proposition 36) because receiving stolen property is neither

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

a serious nor violent felony offense. Accordingly, we vacated the sentence and remanded the matter for a new sentencing hearing. (*Ibid.*)

On remand, the trial court imposed an indeterminate term of 25 years to life on count 1, a determinate term of six years on count 2, and a stayed indeterminate term of 25 years to life on count 3. The court also struck two of the previously stayed one-year prior prison terms and imposed the same sentences on the remaining enhancement allegations as it had in the initial sentencing. In total, defendant was sentenced to a determinate term of 19 years plus an indeterminate term of 25 years to life.

Defendant thereafter appealed, arguing the trial court erred in imposing a consecutive term on count 2 because he could not be punished for both the burglary offense and the receiving stolen property offense pursuant to section 654, and therefore his sentence on count 2 should have been stayed. Because defendant committed the burglary and receiving stolen property offenses during a continuous course of conduct with a single intent, we agreed with the parties and stayed defendant's sentence on count 2 pursuant to section 654.

Subsequently, defendant filed a petition for rehearing. He asserted he was entitled to a mental health diversion hearing under newly enacted section 1001.36. We denied the petition for rehearing.

Our Supreme Court thereafter granted review but deferred further action pending disposition in *People v. Frahs* (2020) 9 Cal.5th 618 (*Frahs*). Following its decision in *Frahs*, the court transferred this matter back to us with directions to vacate our decision

3

and reconsider the cause in light of *Frahs*. In *Frahs*, the court found section 1001.36 applies retroactively to defendants whose cases were not yet final when the Legislature enacted section 1001.36. (*Frahs*, at p. 640-641.) The court also held a defendant need only argue he suffers from a qualifying mental disorder to be entitled to a limited remand to allow the trial court to conduct a mental health diversion eligibility hearing. (*Id*. at p. 640.)

We permitted the parties to file supplemental briefing in response to the Supreme Court's order. In his supplemental brief, defendant contends because section 1001.36 is retroactive to cases not yet final, the convictions should be conditionally reversed to allow the trial court to determine whether he is eligible for mental health diversion. The People concede defendant is entitled to a limited remand to the trial court for a determination on his eligibility for mental health diversion under section 1001.36. In his supplemental brief, defendant also argues (1) in light of Senate Bill No. 1393 (Stats. 2018, ch. 1013, §§ 1-2) (Senate Bill 1393), which took effect after this court's now-vacated opinion of August 23, 2018, the sentence must be reversed and remanded for a resentencing hearing for the court to exercise its newly granted discretion whether to impose the five-year sentence enhancement; and (2) in light of Senate Bill No. 136 (Senate Bill 136) (Stats. 2019, ch. 590, § 1), which also took effect after this court's now-vacated opinion of August 23, 2018, the prior prison terms must be stricken. The People did not address defendant's two above-noted additional contentions in their supplemental response brief.

4

As we are bound by our Supreme Court's decision in *Frahs*, we will grant a limited remand for the purposes of determining defendant's eligibility for mental health diversion under section 1001.36. Our holding as to defendant's sentence concerning count 2 remains unchanged, and his sentence on count 2 for receiving stolen property is stayed as it violates section 654. In addition, if the trial court finds defendant is ineligible for mental health diversion under section 1001.36, the court shall exercise its discretion whether to impose the five-year sentence enhancement for the two prior serious felony convictions pursuant to Senate Bill 1393, and under Senate Bill 136, the prior prison term enhancements must be stricken.

II

FACTUAL BACKGROUND[2]

In August 2012, the Bessey family resided in a motel in Hemet, California. On August 21, 2012, Mrs. Bessey left for work around 8:30 or 8:45 a.m., and was the last person to leave their room, No. 120. Before she left, she closed the window to their room, locked the door to the adjoining room, and shut the outside door. When Mrs. Bessey returned home from work around 4:00 or 4:30 p.m., she found the room in disarray and noticed some of their property was missing. She then left and returned to the room with her husband. Upon examination, they discovered that many of their items were missing, including a briefcase which contained a handgun registered to Mr. Bessey, a pearl necklace, pearl earrings, two men's rings, and important family documents. Also

_____

[2] The factual background is taken from this court's nonpublished opinion in defendant's prior appeal. (See *Demedio I*, *supra*, E063425, pp. 2-3, fn. omitted.)

5

missing were two laptops, a bag containing Mr. Bessey's drawing materials, a digital camera, a flash drive, clothing, and various other items.

The Besseys reported the loss to the motel manager and to the police. Reviewing the motel's surveillance video, the manager saw a man exit room 120 and then enter room 119 carrying an item which looked like a laptop or briefcase. The manager recognized the man in the video to be defendant.

Investigating the incident, Hemet Police Department Officer Derick Spoelstra spoke with the motel manager and reviewed the motel's video surveillance. After reviewing the video, the officer contacted defendant in room 119. The officer asked defendant if he could search the room, and defendant consented. Officer Spoelstra found an empty briefcase under defendant's bed, and defendant had a ring, two crosses, and a necklace with a cross in his pocket. Mrs. Bessey identified the items as some of the items that were taken from her room. Defendant initially denied being in the Bessey's room, but later admitted he took the briefcase from room 120 and dumped the paperwork from the briefcase into a nearby dumpster.

III

DISCUSSION

A.    *Mental Health Diversion*

After we filed the nonpublished opinion in defendant's second appeal on August 23, 2018, defendant filed a petition for rehearing arguing he was entitled to a mental health diversion hearing under newly enacted section 1001.36 because he suffers

6

from a qualifying diagnosed mental disorder. He requested that this court should conditionally reverse his convictions and sentence and remand the matter for the trial court to conduct a mental health diversion eligibility hearing under section 1001.36. We denied the petition for rehearing on September 19, 2018.

On September 28, 2018, our colleagues in Division Three issued a published decision finding section 1001.36 applies retroactively to a defendant whose case is not yet final on appeal and where the appellate record shows a defendant meets at least one of the statute's requirements. (See *People v. Frahs* (2018) 27 Cal.App.5th 784, review granted Dec. 27, 2018, S252220.) Our Supreme Court affirmed the decision in *Frahs* on June 18, 2020. (See *Frahs*, *supra*, 9 Cal.5th 618.) Pursuant to our Supreme Court's decision in *Frahs*, we now conclude defendant is entitled to limited remand to the trial court for a determination on his eligibility for mental health diversion under section 1001.36. (See *Frahs*, at pp. 640-641.)

Section 1001.36 was enacted after defendant's sentencing (Stats. 2018, ch. 34, § 24, eff. June 27, 2018) and provides pretrial diversion may be granted if the trial court finds all of the following criteria are met: (1) the defendant suffers from a recently diagnosed mental disorder enumerated in the statute; (2) the disorder was a significant factor in the commission of the charged offense, and that offense is not one of the offenses enumerated in subdivision (b)(2); (3) "[i]n the opinion of a qualified mental health expert, the defendant's symptoms of the mental disorder motivating the criminal behavior would respond to mental health treatment"; (4) the defendant consents to

7

diversion and waives his right to a speedy trial; (5) the defendant agrees to comply with treatment as a condition of diversion; and (6) the defendant will not pose an unreasonable risk of danger to public safety, as defined in section 1170.18, if treated in the community. (§ 1001.36, subd. (b)(1)(A)-(F).)  "If the defendant has performed satisfactorily in diversion, at the end of the period of diversion, the court shall dismiss the defendant's criminal charges that were the subject of the criminal proceedings at the time of the initial diversion. . . .  Upon successful completion of diversion, if the court dismisses the charges, the arrest upon which the diversion was based shall be deemed never to have occurred, and the court shall order access to the record of the arrest restricted." (§ 1001.36, subd. (e).)

The statute further provides:  "At any stage of the proceedings, the court may require the defendant to make a prima facie showing that the defendant will meet the minimum requirements of eligibility for diversion and that the defendant and the offense are suitable for diversion.  The hearing on the prima facie showing shall be informal and may proceed on offers of proof, reliable hearsay, and argument of counsel.  If a prima facie showing is not made, the court may summarily deny the request for diversion or grant any other relief as may be deemed appropriate."  (§ 1001.36, subd. (b)(3).)

In *Frahs*, our Supreme Court concluded the *Estrada*[3] rule's inference of retroactivity applies to section 1001.36 such that defendants with qualifying mental disorders whose cases are not yet final are entitled to limited remand for the trial court to

_____

[3] *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*).

8

determine whether they are eligible for mental health diversion. (*Frahs*, *supra*, 9 Cal.5th at pp. 624-625.) The Supreme Court explained "the possibility of being granted mental health diversion rather than being tried and sentenced 'can result in dramatically different and more lenient treatment.' " (*Id.* at p. 631, quoting *People v. Superior Court* (*Lara*) 4 Cal.5th 299, 303 (*Lara*).) The court relied on its decision in *Lara*, where it concluded the ameliorative benefits of Proposition 57, which prohibits prosecutors from charging juveniles with crimes directly in adult criminal court, are retroactively applicable to juveniles whose judgments are not yet final at the time Proposition 57 was enacted. (*Frahs*, at p. 629; *Lara*, at pp. 303-304.) The court noted the pertinent facts "are like those involved in *Lara*." (*Frahs*, at p. 631.) Specifically, the court reasoned "the impact of a trial court's decision to grant diversion can spell the difference between, on the one hand, a defendant receiving specialized mental health treatment, possibly avoiding criminal prosecution altogether, and even maintaining a clean record, and on the other, a defendant serving a lengthy prison sentence." (*Ibid*.) The court therefore concluded "the ameliorative nature of the diversion program places it squarely within the spirit of the *Estrada* rule," and thus the program retroactively applies to defendants whose cases are not yet final. (*Frahs*, at p. 631.) That is the case for defendant here.

Our Supreme Court further rejected the People's argument the defendant was not entitled to remand because he did not make an adequate showing of eligibility. (*Frahs*, *supra*, 9 Cal.5th at pp. 637-638.) The People argued the defendant had to demonstrate he met all six threshold eligibility requirements before the appellate court could remand.

9

(*Ibid*.) The court found imposing such a high bar for remand "would be unduly onerous and impractical" and "inconsistent with any sensible retroactive application of the statute." (*Id*. at p. 638.) Instead, the court concluded "a conditional limited remand for the trial court to conduct a mental health diversion eligibility hearing is warranted when, as here, the record affirmatively discloses that the defendant appears to meet at least the first threshold eligibility requirement for mental health diversion—the defendant suffers from a qualifying mental disorder." (*Id*. at p. 640.)

In this case, the appellate record shows that defendant has a documented history of bipolar disorder and had been treated for schizophrenia. Bipolar disorder and schizophrenia are qualifying mental disorders under section 1001.36. Under *Frahs*, because defendant has argued he suffers from a qualifying mental disorder, he is entitled to a conditional remand to allow the trial court to conduct a mental health diversion eligibility hearing under section 1001.36.

B.     *Section 654*

Defendant contends that his sentence on count 2 for receiving stolen property should be stayed under section 654 because the burglary and receiving stolen property offenses were committed during an indivisible course of conduct with a single intent and objective. The People agree defendant's sentence on count 2 should be stayed. We also agree.

As relevant, section 654, subdivision (a), provides: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the

10

provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." " 'Section 654 precludes multiple punishments for a single act or indivisible course of conduct. [Citation.]' " (*People v. Galvez* (2011) 195 Cal.App.4th 1253, 1262.) When it applies, "the accepted 'procedure is to sentence defendant for each count and stay execution of sentence on certain of the convictions to which section 654 is applicable.' [Citations.]" (*People v. Jones* (2012) 54 Cal.4th 350, 353.)

" 'Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the intent and objective of the actor. If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one.' [Citation.]" (*People v. Correa* (2012) 54 Cal.4th 331, 336.) However, a defendant may be punished for each offense, "[i]f he [or she] entertained multiple criminal objectives which were independent of and not merely incidental to each other, . . . even though the violations shared common acts or were parts of an otherwise indivisible course of conduct." (*People v. Beamon* (1973) 8 Cal.3d 625, 639.) Additionally, punishment for each offense is not barred by section 654, if the facts support a finding of similar, but consecutively held objectives. (*People v. Latimer* (1993) 5 Cal.4th 1203, 1211-1212.)

A defendant's intent and objective are factual questions for the trial court. (*People v. Green* (1988) 200 Cal.App.3d 538, 543-544.) "A trial court's [express or] implied finding that a defendant harbored a separate intent and objective for each offense will be

11

upheld on appeal if it is supported by substantial evidence. [Citation.]" (*People v. Blake* (1998) 68 Cal.App.4th 509, 512.)

In *People v. Allen* (1999) 21 Cal.4th 846 (*Allen*), the defendant burglarized three homes, stealing jewelry from each. He was convicted of three counts of burglary and two counts of receiving stolen property involving the jewelry taken in two of the burglaries. (*Id*. at p. 850.) The Supreme Court held the defendant was properly convicted of both burglary and receiving stolen property, but also indicated it approved of the trial court's stay of execution of sentence for receiving stolen property. "This disposition was correct, satisfying both section 954 (allowing multiple convictions) and section 654 (barring multiple punishment)." (*Id*. at pp. 866-867.)

Here, as in *Allen*, the property taken in the burglary was the same property that was the basis of the receiving stolen property charge. In addition, the burglary and receiving stolen property offenses occurred simultaneously or in close temporal proximity. (See *People v. Evers* (1992) 10 Cal.App.4th 588, 603, fn. 10 [temporal proximity, while not determinative of whether there was a single objective, is a relevant consideration].) The circumstances in this case showed that defendant's intent and objective in committing the burglary and the receiving stolen property was one and the same: to obtain the stolen property. Defendant's intent in committing the burglary was to obtain the stolen property, one and the same objective. Thus, defendant's sentence on count 2 for receiving stolen property must be stayed pursuant to section 654.

12

C.    *Senate Bill 1393*

Defendant contends that Senate Bill 1393 requires this case to be remanded so that the trial court can exercise its newly authorized discretion to strike his prior serious felony enhancements under recently amended sections 667 and 1385.  We agree Senate Bill 1393 applies retroactively and that remand is necessary so the court may exercise its discretion and decide whether to strike the prior serious felony enhancement.

The trial court here sentenced defendant to an indeterminate term of 25 years to life, plus a determinate term of 19 years.  The determinate term included 10 years (five years each) under section 667, subdivision (a) for the commission of two prior serious felonies.  The prior serious felonies were for residential burglaries committed in 1991 and 1996.  At the time of sentencing, 2015, the trial court was precluded by law from striking a prior serious felony conviction.  (See former § 1385, subd. (b) ["This section does not authorize a judge to strike any prior conviction of a serious felony for purposes of enhancement of a sentence under Section 667"]; see also § 667, subd. (a) [person with prior serious felony conviction "shall receive . . . a five-year enhancement"].)

However, effective January 1, 2019, sections 667, subdivision (a), and 1385, subdivision (b), allow a trial court to exercise its discretion to strike or dismiss a prior serious felony conviction for sentencing purposes.  (*People v. Garcia* (2018) 28 Cal.App.5th 961, 971 (*Garcia*).)  The trial court therefore is no longer prohibited from striking prior serious felony convictions during sentencing.  Although defendant was sentenced before the effective date of Senate Bill 1393, we agree that the amendment

13

applies to defendant as his case is not final. (*Id*. at pp. 972-973 [Senate Bill 1393 applies retroactively to all cases not yet final on the effective date], citing *Lara*, *supra*, 4 Cal.5th at pp. 307-308 & fn. 5, & *Estrada*, *supra*, 63 Cal.2d at pp. 744-745; see *People v. Jones* (2019) 32 Cal.App.5th 267, 272 ["When it enacted Senate Bill 1393, the Legislature did not indicate it intended the legislation to apply prospectively only"].)

Because the record contains no clear indication that the trial court would not have struck the five-year enhancement for the prior serious felony convictions if it had the discretion to do so, we remand the matter to the trial court in order for it to exercise its discretion pursuant to sections 1385, and 667, subdivision (a), to determine whether to strike one or both of the prior serious felony enhancements. We express no opinion how the trial court should exercise its discretion on remand.

D.     *Senate Bill 136*

Defendant further contends that, under Senate Bill 136, this court must strike the prior prison terms imposed pursuant to section 667.5, subdivision (b). At the May 5, 2017, resentencing hearing, the trial court imposed three one-year terms for three of the prior prison terms. Defendant's prior prison terms were for two burglaries and a petty theft with a prior.

On October 8, 2019, Senate Bill 136 was signed into law and became effective on January 1, 2020. Senate Bill 136 modifies section 667.5, subdivision (b), to eliminate the one-year sentences for prior prison terms served unless the prior prison term involves a conviction of a sexually violent offense (which is not involved here). Senate Bill 136

14

applies retroactively to those defendants whose cases are not yet final. (*People v. Lopez* (2019) 42 Cal.App.5th 337, 340-342; see *Garcia*, *supra*, 28 Cal.App.5th at p. 973.) Defendant's case is not yet final, and as such, the sentence imposed for his three prior prison terms pursuant to section 667.5, subdivision (b), should be stricken. We will direct the trial court to strike the one-year prior prison term enhancements that were imposed pursuant to section 667.5, subdivision (b).

IV

DISPOSITION

We conditionally reverse the judgment and remand to the trial court for an eligibility determination under section 1001.36. " 'If the trial court finds that [defendant] suffers from a mental disorder, does not pose an unreasonable risk of danger to public safety, and otherwise meets the six statutory criteria (as nearly as possible given the postconviction procedural posture of this case), then the court may grant diversion. If [defendant] successfully completes diversion, then the court shall dismiss the charges. However, if the court determines that [defendant] does not meet the criteria under section 1001.36, or if [defendant] does not successfully complete diversion, then his convictions and sentence shall be reinstated.' " (*Frahs*, *supra*, 9 Cal.5th at p. 641.)

If the trial court finds defendant ineligible for mental health diversion and reinstates defendant's sentence, it shall stay the six-year consecutive term imposed on count 2 for the receiving stolen property conviction pursuant to section 654 and strike the three prior prison term enhancements under Senate Bill 136. The trial court shall also

15

exercise its discretion to strike or impose the prior serious felony enhancements pursuant to Senate Bill 1393.  The trial court is directed to prepare an amended abstract of judgment and minute order of the resentencing hearing, and to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation, Division of Adult Operations.  (§§ 1213, 1216.)  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

SLOUGH
J.